DEFENDANT(S) FOR AMENDED COMPLAINT

vs.

COLE MELDRUM, CORRECTIONS AND ADMINISTRATION DIVISIONS LEADER; Z. Jolley, CORRECTIONS OFFICER; Sgt. Meldrum, CLASSIFICATION DISCIPLINARY APPEAL OFFICER SERGEANT; J Schow, CLASSIFICATION DISCIPLINARY OFFICER; E Sullivan, CORRECTIONS OFFICER; Cpl. Clark, CORRECTIONS OFFICER CORPORAL; Deputy LIST, CORRECTIONS OFFICER; Sgt. Townsend, RELIGIOUS ADMINISTRATOR SERGEANT; Sgt. K Beal, CORRECTIONS OFFICER SERGEANT; AM Hutchinson CORRECTIONS OFFICER AND C.E.R.T. MEMBER SERGEANT; SC Lewis, CORRECTIONS OFFICER AND C.E.R.T. MEMBER; Deputy Major, CORRECTIONS OFFICER AND C.E.R.T. MEMBER; Cpl. T Nix, CORRECTIONS OFFICER AND C.E.R.T. MEMBER CORPORAL; WILBERT TERRELL, CORRECTIONS OFFICER AND C.E.R.T. MEMBER; CHRISTOPHER RUMMEL, CORRECTIONS OFFICER AND C.E.R.T. MEMBER; DOCTOR WOODS, DAVIS COUNTY JAIL PHYSICIAN; DAVIS COUNTY GOVERNMENT AGENCY IN THE STATE OF UTAH; John Doe, CORRECTIONS OFFICER; LT. Jensen, CORRECTIONS OFFICER LIEUTENANT; SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,

Defendants,

I. THE PARTIES TO THIS COMPLAINT

B. THE DEFENDANT(S)

DEFENDANT NO. 13

LT. Jensen, is a Lieutenant at Davis County Jail.

DEFENDANT NO. 1

Cole Meldrum, Captain and the Corrections and Administration Divisions Leader. He is legally and fully responsible for the daily operations, and for the welfare of all inmates at Davis County Jail.

DEFENDANT NO. 2

Z Jolley, is a correctional officer at Davis County Jail.

DEFENDANT NO. 3

Sgt. Meldrum, is a Sergeant and the Classification Disciplinary Appeal Officer at Davis County Jail.

DEFENDANT NO. 4

J. Sichu, Classification Disciplinary Officer at Davis County Jail.

DEFENDANT NO. 5

E Sullivan, is a correctional officer at Davis County Jail.

DEFENDANT NO. 6

Cpl. Clark, is a correctional officer and Corporal at Davis County Jail.

DEFENDANT NO. 7

Deputy West, is a correctional officer at Davis County Jail.

DEFENDANT NO. 8

Sgt. Townsend, is the Religious Administrator Sergeant at Davis County Jail.

DEFENDANT NO. 9

Sgt. K Bear, is a correctional officer and Sergeant at Davis County Jail.

DEFENDANT NO. 10

Am/ Hutchinson, is a correctional officer and CERT Member Sergeant at Davis County Jail.

DEFENDANT NO. 11

SC Lewis, is a correctional officer and CERT Member at Davis County Jail.

DEFENDANT NO. 12

John Doe, is a correctional officer at Davis County Jail.

I. THE PARTIES TO THIS
COMPLAINT (PAGE 2.)

DEFENDANT No. 13
Deputy Major, is a correctional officer and CERT member at Davis County Jail.

DEFENDANT No. 14
Cpl. T Nx, is a correctional officer and C.E.R.T. member Corporal at Davis County Jail.

DEFENDANT No. 15
Wilbert Terrell, is a correctional officer and C.E.R.T. member at Davis County Jail.

DEFENDANT No. 16
Christopher Rummel, is a correctional officer and C.E.R.T. member at Davis County Jail.

DEFENDANT No. 17
Doctor Woods, is a physician at Davis County Jail.

DEFENDANT No. 18
Davis County, is a government agency in the State of Utah.

At all times mentioned in this complaint the above defendants were assigned to the Davis County Jail and held the mentioned rank or title. The only known changes to rank, title, or assignment since then is with Defendant No. 2, who is a Corporal now; Defendant No. 8, who has retired; Defendant No. 11, who is a Corporal now.

Each Defendant is sued individually and in their official capacity. At all times mentioned in this complaint each Defendant acted under the color of law.

All of the Defendants share the same address being, 800 West State Street, Farmington, UTAH 84025, which is the address for the Davis Attorneys Office, the Davis County Sheriffs Office, and the Davis County Jail. The Davis Attorneys Office is for Defendant No. 17. The Davis County Sheriffs Office is for Defendants No. 1-15. The Davis County Jail is for Defendant No. 16. Each listing being the employer for defendant(s)

## JURISDICTION & VENUE

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution. The court has jurisdiction under 28 U.S.C. Section 1331 and 1334(a)(3). Plaintiff Abreu seeks declaratory relief under 28 U.S.C. Section 2201 and 2202, and injunctive relief under 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

The District of Utah Northern Division is the appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to the claims arose.

# EXHAUSTION OF ADMINISTRATIVE REMEDIES FOR ALL CLAIMS

The plaintiff has exhausted his administrative remedies with respect to all claims and all defendants. Copies of such will be attached to this complaint or exist but the complaint lacks physical copies because jail records division official L. Stubbs is currently refusing to provide past grievances or request because the plaintiff was already given copies before when he was trying to obtain private counsel. And the copies for recent grievances and requests are in the process of being supplied via CRAMA request the plaintiff filed and will be made available when the copies are provided to the plaintiff. Any missing copies that exist can later be attached to this complaint during discovery pleadings or request for documents with the Judges demand. It can be seen in the attached Exhibits H, I, J, K, that the plaintiff has been precise and consistent on documenting grievances and exhausting administrative remedies. It is important to note that Davis County Jail does not have a appropriate grievance level procedure that allows the inmate to reach any rank above a watch commander and the same persons being grieved will respond to the grievance wrote about them. The facilities policy for grievances can be viewed at Exhibit A and the procedure that officials dont follow can be viewed at Exhibit A.