Exhibit G

# DAVIS COUNTY JAIL
## RELIGIOUS OR RESTRICTED MEAL PLAN REQUEST

INMATE NAME: ANGEL ABREU                          DATE: 11/22/20
INMATE NUMBER: 398403                             HOUSING UNIT: F-11

NAME OF RELIGION OR TYPE OF DIET: Islam/Muslim

Describe the type of Diet and Specificities required:
- Slaughtered animals must be done so and performed Halāl or Zabihah. No swine or its byproducts. I can eat only animal that has a split-hoof, divided in two, and that chews the cud, but not an animal that only chews the cud or only has a split hoof.

- For Religious diets, the inmate requesting a diet shall be an actively practicing member of the Religious Group. Every attempt will be made to serve the meal items unique to the dietary laws of that religion. However, this Religious group MUST be legally recognized by the judicial system as warranting special foods. (I.e. Legal precedence has been established)

************************************************************

I have requested this religious diet which meets the dietary laws of my chosen religion/personal beliefs. I know that if violate the dietary parameters of this plan (I.e. not pick up the tray), I may be removed from the program immediately and permanently.

INMATE SIGNATURE: _[signature]_                   DATE 11/22/20

**Aministration Use Only**

DESIGNATED ADMINISTRATOR [redacted]               DATE 11-25-20

COMMENTS ON THIS MEAL PLAN: PLEASE NOTE THAT THE ONLY RELIGIOUS MEAL PLAN APPROVED TO BE SERVED AT THIS TIME IS: _____
IF THE INMATE REQUIRES ANY OTHER MEAL PLAN, THE DIETITIAN MUST BE CONTACTED BEFORE THE MEALS MAY BE SERVED. (A.C.A Standard)

COMMENTS: APPROVED: _____   DISAPPROVED: _____

Inmate will contact me when he's out of Maximum, to

DATE RECEIVED BY FOOD SERVICE _____
RECEIVED BY FOOD SERVICE STAFF MEMBER

take a sincerity test.

INMATE COPY

## DAVIS COUNTY JAIL
### Watch Commander

**Name:** ANGEL CHRISTOPHER ABREU
**Inmate ID#:** 398403
**Date:** 09/14/2020
**Housing Unit:** Q-21;DCCF;POD6; QUEBEC

**Inmate Request:**
09/14/2020 10:18:14
im documenting a complaint againt deputy olsen(the younger one) who worked 9/11/20 on friday. There has been a few shifts olsen has worked in the same section as me and every time he has worked i have been harrassed and profiled by him. The worse has been on 9/11. The shift startedwithme asking for tp and him popping my door at 6am to search my cell and see if i had some. thats very extra. im grown and dont need to play hideand seek with tp. Later thatmorning i had a doctors app andwhen iwalked outthe section i was told to remove my muslim religion necklace and told i cant wear it. ive never had a problem wearing the necklace with any deputy before this. but i have had multiple problems with the jail accepting my religion and this adds to that. Also while we walked to medical olsen kept making unneccisaary comments and commands such as; telling me to put my hands behind my back when they already were, telling me towalkfaster andthen telling me to slow down, telling me to clip my ID to my shirt as it was in my pocket and when i told him i didnt have a cliphe made a big deal of it, also i was damn near stripped searched beforehe let me go to medical and made me take myshoes and socks off in the middle of the hallway, also after my app i wasnt in the best mood due to the news i got from the dr andi was keeping to myself. olsen continued to harrass me and even sarcastically asked me what is such a big deal with you. i told him i didnt get good news and would rather keep to myself but he still kept pressing me.ultimatelythis made me not even want to seek the medical tretment i need and it makes me feel very uncomfortable the wayhe talks to and treated me all the way down to the wayhe grabbed mein certain placesdurring the search. id appreciateit if he chilled out
**Inmate Signature/Date:** _____

**Staff Response:**
11/26/2020 4:21:09
This has been addressed. I apologize for my extended response, this barely showed up in the system for some odd reason.
**Staff Signature/Date:** █████████

# Davis County Sheriff's Office
## Correctional Division
## Inmate Request and Grievance Form

Name _____ Inmate # _____ Housing Unit _____

Date _____ **Check One:** ( ) Request ( ) Inmate Grievance ( ) Good Time ( ) Disciplinary Appeal ( ) Other

Describe Problem or Request: _____
_____
_____
_____

### Department Use Only

Received by __D. P. Gifford__ Date __11/23/2020__ Time __11:45__
Routed to: __Programs__

Reply: _For our consideration, you will have [illegible] opportunity to take a sobriety test [illegible]_
_[illegible] you might be taken to [illegible]_
_[illegible]_

Disposition by: _____ Date __11-30-20__ Time __13:00__
Returned to Inmate by: _____ Date _____ Time _____

Original - Classification File    Yellow - Inmate w/response    Pink - Inmate
DCJ Form 501a (revised 02-29-96)

T 11

# Davis County Sheriff's Office
## Correctional Division
## Inmate Request and Grievance Form

Name _____ Inmate # 34_____ Housing Unit _____

Date _____ Check One:  ( ) Request  (·) Inmate Grievance  ( ) Good Time  ( ) Disciplinary Appeal  ( ) Other

Describe Problem or Request: _____
_____
_____
_____

### Department Use Only

Received by ___Adax_____, Date 11/18/2020 Time 23:25
Routed to: _____

Reply: I specifically said you may arrange a through the glass
_____ (way you will have to do at as max inmate)
Typed way arrange a Non contact alousy V.S.

Disposition by: _Sgt Tunley_____ Date 11-19-2020 Time 8:39
Returned to Inmate by: _Shelly_____ Date 11/19/2020 Time 9:25

Original - Classification File   Yellow - Inmate w/response   Pink - Inmate
DCJ Form 501a (revised 02-29-96)

, Refusing my Prayer Rug AND
Halal Trays or to Acknowledge
me as Muslim

BUT VALENCIANO NEVER ASKED MY RELIGION WHEN I WAS BOOKED.

## Davis County Sheriff's Office
### Correctional Division
### Inmate Request and Grievance Form

Name ANGEL ARZEY   Inmate # 398403   Housing Unit F-11

Date 11/22/20  Check One: ( ) Request  (X) Inmate Grievance  ( ) Good Time  ( ) Disciplinary Appeal  ( ) Other

Describe Problem or Request: SGT. TOWNSEND, I REALLY DONT WANT TO KEEP GOING BACK AND FORTH ABOUT THIS JUST AS MUCH AS YOU. BUT I WONT STOP UNTIL YOU APPROVE OF MY RELIGION AND ALLOW ME TO PRACTICE SUCH WITH THE PROPER ACCOMMODATIONS. I READ THE INMATE HANDBOOK AND NO WHERE IN THERE OR ON YOUR MEAL PLAN REQUEST FORM DOES IT SAY I HAVE TO TELL YOU MY RELIGION WHEN BEING BOOKED TO RECIEVE ACCEPTANCE FROM YOU OR TO GET WHAT IVE BEEN ASKING FOR. NOT ONLY THAT

Department Use Only

Received by: [redacted]   Date 11/23/2020  Time 11:45
Routed to: PROGRAMS
Reply: Per our conversation, you will have the opportunity to take a sincerity test for your religion. You might be able to the library today for...
Disposition by: [redacted]   Date 11-30-20  Time 13:00
Returned to Inmate by: _____  Date _____  Time _____

Original - Classification File   Yellow - Inmate w/response   Pink - Inmate
DCJ Form 301a (revised 02-29-96)

INMATE COPY

APPRECIATE IF YOU ACCOMODATED ME. YOU SAY YOU WONT BECAUSE I DIDN'T SAY I WAS MUSLIM WHEN I WAS BOOKED INTO JAIL, WHEN THAT DON'T MATTER BUT NOR DO F11 I RECALL THE OFFICER WHO BOOKED ME Correctional Division ASKING ABOUT MY RELIGION.

# Davis County Sheriff's Office
## Inmate Request and Grievance Form

Name  ANGEL ABREU           Inmate # 398403      Housing Unit F-11

Date 11/18/20   Check One:   ( ) Request   ☒ Inmate Grievance   ( ) Good Time   ( ) Disciplinary Appeal   ( ) Other

Describe Problem or Request: IT HAS BEEN CLOSE TO A YEAR SINCE YOU'VE MENTIONED THAT YOU WOULD LOOK FOR A IMAN TO COME SPEAK WITH YOU TO VERIFY MY DECLARATION OF FAITH TOWARDS ISLAM AND MY BELIEF IN ALLAH// BEING THE ONE AND TRUE GOD. I WOULD LIKE TO KNOW IF YOU'VE DONE AS YOU SAID SO I CAN FINALLY GET ON THE PROPER DIET AND RECIEVE A PRAYER TOWEL/RUG. WE GIVEN IT SOME TIME BECAUSE I WAS GETTING NO WHERE WITH YOU GUYS REGARDING THIS BUT NOTHING HAS CHANGED ABOUT MY RELIGION SINCE AND IO REALLY

Received by: [redacted]                 Date 11/18/2020  Time 23:25
Routed to: PROGRAMS.

Reply: I specifically said you may arrange a through the glass visit, (Now we will have to do it as Maximum). Or may arrange a Non Contact Clergy VISIT

Disposition by: [redacted]              Date 11-19-2020  Time 8:39
Returned to Inmate by: [redacted]       Date 11/19/2020  Time 09:25

RELIGIOUS

INMATE COPY

# CLAIM THREE

## I. PLAINTIFF(S)

Plaintiff Angel Abreu, is and at all times mentioned herein a pretrial detainee of the Davis County Correctional Facility. Abreu is currently confined at Davis County Correctional Facility, in Davis County.

## II. DEFENDANT(S)

Please refer to the "I. THE PARTIES TO THIS COMPLAINT" for exact information on defendants. Defendants are Dr. Woods, Cole Meldrum and Lt. Jensen. Meldrum and Jensen sued individually and in their official capacity. Woods is sued individually unless or until it is determined policy violated rights then Woods will also be sued in his official capacity. The plaintiff has figured Woods is employed by a private contract but is still trying to get information on what company he works for to get policy information to prove violated rights.

At all times mentioned in this complaint each defendant acted under color of law.

## III. VIOLATION(S)

1. US Const. AMENDMENTS 8 Amendment (VIII) further guarantees in claim one
2. US Const. AMENDMENTS 8 Amendment XIV Rights guaranteed
3. US Const. AMENDMENTS 8 Amendment XIII Involuntary Servitude

## IV. FACTS

1. On September 26, 2020 at around 1912 hours in the Quebec Housing Unit during a cell extraction the plaintiff recieved bodily injuries from restraints. (Review COUNT ONE from CLAIM ONE for details of injury)
2. The injury inflicted damaged the nerves in both the plaintiff's hands.
3. On 9/27/20 at around 2016 hours the plaintiff reported to Nurse Ashley that he lost the feeling in his hands after hours spent cutting off the circulation due to handcuffs not being locked the day before. (Ref. Exhibit D)
4. On 10/2/20 ___ ___ ___ ___ ___ the plaintiff was seen by a doctor for his injury and it was determined by the physician that the plaintiff was suffering from paracesthesias from the handcuffs being applied. (Ref. Exhibit E) It's important to note that after

### IV. Facts (page 2)

the narrative was submitted in the system from that doctors visit, it was found out later around 9/9/21 from Nurse Ashley that the plaintiff was put on a "Doctor Woods only" patient list and every visit since with Dr. Woods was not submitted into the system but was documented by the plaintiff through grievances and most copies exist but Abreu was refused copies by Sgt. Reunde

5. Ref. Exhibit F page 2 "chief complaint" states the plaintiff being in handcuffs hours since they were applied while at the Davis Hospital.

6. Ref Exhibit E can be reviewed to see a pattern of denied medical care and denied adequate medical care. Also Refer to Exhibit F and paragraphs 28-33 from "Accusations" in claim one which the plaintiff re-alleges and incorporates here.

7. From 10/2/20 to 9/9/21 Abreu was on a "Dr. Woods only" list and the plaintiff not only received delayed treatment because of this, such as 4/30/21 medical kite where Abreu had to wait to be put on the list to be seen specifically by Dr. Woods who only works on Mondays instead of other doctors who work Tuesday-Wed. But Abreu also wrote many grievances stating his problems with Woods and how he did not want to be seen by him at all. The plaintiff discussed this with Lt. Jensen on 11/30/20 (Ref. Exhibit H) and Lt. Jensen didn't even remember what was talked about nor did he do anything about it. It was discussed how the plaintiff's hands still remained numb and a nerve conduction study was needed, as mentioned by the first doctor seen, but Woods denied such. The problems with getting proper treatment from medical, how the problems with the plaintiff's hands was getting worse to the point where he couldn't read or write for longer than a few minutes without pain shooting up his arms, how he was being refused any physical therapy, and how Woods raised his voice

IV. FACTS (PAGE OF 3)

at Abreu during a appointment was all mentioned to Jensen. Also mentioned was how Woods kept pushing the appointments out saying "things like this just need time to heal" and the problem was getting worse, not better meanwhile. And it was expressed to Jensen that Abreu wanted to see a different doctor than Woods.

8. Today, 12/20/21, the plaintiff's hands are still numb and the pain that shoots up his arms still exists.

9. On 10/13/20 the plaintiff wrote a grievance about his hands (Ref Exhibit 1) and them being numb.

10. On 9/29/20 the plaintiff wrote a grievance about his hands being numb and how they lost circulation for so long. (Ref. Exhibit 1) And it was mentioned that Abreu was waiting longer than usual to be seen by a doctor.

11. There are many more grievances that exist and that Abreu filed. But they haven't been made available for this complaint by the Jail Records Division. The plaintiff has not been seen by a doctor for this since his last visit around January 2021, when Woods told him there was nothing he could do for the plaintiff. Dr. Woods is the head physician at Davis County Jail and that has made it impossible to go around him. Now the plaintiff suffers from permanent numbness and pain in both hands.

V. VIOLATION(S) SUPPORTING CLAIM
COUNT SIX: DENIAL OF MEDICAL CARE

While suffering from nerve damage due to restraints and parasthesias in both hands, and requesting medical care for the injuries, the defendants refused to assist the plaintiff, or to seek medical intervention and care or provide treatment while acting deliberately indifferent causing permanent damage

VI. Exhaustion of Administrative Remedies

Refer to "Exhaustion of Administrative Remedies for all claims"

VII. CLAIMS FOR RELIEF

The actions of the defendants, Meldrum, Jensen and Woods, is

VII. CLAIMS FOR RELIEF (PAGE 2)

denying plaintiff to medical attention, and failing to offer adequate medical treatment, were done sadistically and maliciously and consituted cruel and unusual punishment in violation of the Eighth Amendment of the U.S. constitution along with the Fourteenth and the Thirteenth Amendments. The plaintiff realleges and incorporates by reference paragraphs 1-11 of "IV. FACTS".

VIII. RELIEF REQUESTED

WHEREFORE, plaintiff requests that the Court grant the following relief:

A. Issue a declatory judgment stating that:

1. The actions of the defendants Meldrum, Jensen, and Woods, violated the plaintiff's rights under the Eighth Amendment of the United States Constitution.

2. A Separate Judgment, The actions of the defendants Meldrum, Jensen, and Woods, violated the plaintiff's rights under the 14TH and Thirteenth Amendments of the United States constitution.

B. Award Compensatory damages in the following amounts:

1. 5,000 jointly and severally against defendants Meldrum, Woods, and Jensen, for the denial of medical attention and failing to offer adequate medical attention or treatment that resulted in the plaintiff's permanent paresthesias in his hands.

C. Award punitive damages in the following amounts:

1. 10,000 each against defendants Meldrum, Woods and Jensen.

D. Award discretionary damages as it may appear plaintiff is entitled.

E. Award future damages (for expected pain and suffering, loss or impairment of earning capacity), and projected medical expenses as it may appear plaintiff is entitled.

F. Grant such other relief as it may appear plaintiff is entitled.

20, DECEMBER 2021
RESPECTFULLY SUBMITTED

ANGEL ABREU