Exhibit H

# Davis County Sheriff's Office
## Correctional Division
### Inmate Request and Grievance Form

Four!
Just for good
measure!

Name ANGEL ABREU     Inmate # 398407     Housing Unit F-11

Date 11/19/20  Check One:  ( ) Request  (X) Inmate Grievance  ( ) Good Time  ( ) Disciplinary Appeal  ( ) Other

Describe Problem or Request: I HAVE A LEGIT ISSUE THAT IVE HAD AN AND HAVE
BEEN MEDWAUL HAVING WITH MEDICAL AND ONE OF THE DOCTORS. I FILLED
OUT A GRIEVANCE THAT WASNT TAKEN SERIOUS AND I WAS TOLD TO
REWRITE THE GRIEVANCE TO MEDICAL AS A REQUEST. I WOULD LIKE TO
TALK WITH JENSEN ABOUT THE GRIEVANCE I WROTE AND THE PROBLEM IM
HAVING. IF YOU WOULD PLEASE Department Use Only COME SPEAK WITH ME.

Received by [redacted]     Date 11/19/2020  Time 1555
Routed to: [redacted]

Reply: Abreu, I am not sure if we talked about this grievance
or not when I was talking to you on the monday 11-30-2020 in
your cell -

Disposition by [redacted]     Date 11-30-2020  Time 1344
Returned to Inmate by: [redacted]     Date 11-30-2020  Time

Original - Classification File   Yellow - Inmate w/response   Pink - Inmate
DCJ Form 301a (revised 02-29-96)

INMATE COPY

# DAVIS COUNTY SHERIFF'S DEPARTMENT

## Medical Inmate Request/Grievance Form

Date: _____

Inmate Name: _____ Booking #: _____ Housing: _____

Request: _____
_____
_____

---

Do Not Write Below This Line                                    For Official Use Only

Received By: _____ Date: _____ Time: _____

**Medical/Dental Treatment Policy**

In order to facilitate a request for treatment, the inmate must fill out a Medical Request Form asking for treatment. Inmate will then be assessed by a nurse. It is our policy that no one be denied medical treatment. Please refer to your inmate handbook or price list on the Kiosk for appropriate fee.

KIT ABOUT WRISTS/HANDS

Answer: _____
_____

Disposition by: _____ Date: 10 ___ Time: _____

Returned to inmate by: _____ Date: _____ Time: _____

Original - medical file; Yellow - inmate with response                              DCJ-444

---

# Davis County Sheriff's Office
## Correctional Division
## Inmate Request and Grievance Form

Name ANGEL ABEU     Inmate # 398403     Housing Unit F-4

Date 10/20/20   Check One:  ( ) Request  (X) Inmate Grievance   ( ) Good Time  (X) Disciplinary Appeal   ( ) Other

Describe Problem or Request: THIS IS GETTING RIDICULOUS AND YOU CANT TELL ME... [handwriting largely illegible] ...DID U NEARLY GIVE ME 4 FADS WORTH OF SANCTION TIME FOR... [illegible] ...FOR A DOOR I'VE GOT MORE SANCTION TIME FOR ONE INCIDENT... [illegible] ...JAIL TIME ALONE THEN TO TOP IT YOU DEFAME ME OFF 4 MONTHS FOR A DOOR THA... ...ALSO CHARGED ME $200 ... [illegible] ...NO- WHO'S NEAT... I'M REQUESTING THIS APPEAL...

Department Use Only

Received by: [signature] Jorden   Date 10/21/20   Time 13:30

Routed to: CLASSIFICATION

Reply: You claim the disciplinary sanctions imposed in your case is excessive. The sanctions imposed fall within the authorized range for the violations you have been found guilty of. The DHO has the discretion to impose sanctions within the approved range based upon the circumstances of each individual case. The findings and sanctions imposed by the DHO are sustained.

Disposition by: Sgt Nelson   Date 10/22/2020   Time 0709

Returned to Inmate by: MAIS   Date 10-22-20   Time _____

Original - Classification File   Yellow - Inmate w/response   Pink - Inmate

# HANDS COUNTY SHERIFF'S DEPARTMENT

## Medical Inmate Request/Grievance Form

Inmate Name: ANGEL ABRA      Date: _____

Booking #: 590403      Housing: _____

Request: _____

_____

_____

_____

---

**Do Not Write Below This Line**

**For Official Use Only**

Received By: Lewis - 17375      Date: 9-29-2020   Time: 13:45

## Medical/Dental Treatment Policy

In order to facilitate a request for treatment, the inmate must fill out a Medical Request Form asking for treatment. Inmate will then be assessed by a nurse. It is our policy that no one be denied medical treatment. Please refer to your inmate handbook or price list on the Kiosk for appropriate fee.

Answer: _____

_____

_____

_____ Date: _____ Time: _____

Disposition by: _____ Date: _____ Time: _____

Returned to inmate by: _____

Original - medical file; Yellow - inmate with response      DCJ-444

# DAVIS COUNTY SHERIFF'S DEPARTMENT

### Medical Inmate Request/Grievance Form

Date: _____

Inmate Name: _____   Booking #: _____   Housing: _____

Request: _____
_____
_____
_____

---

Do Not Write Below This Line                                  For Official Use Only

Received By: _____   Date: _____   Time: _____

**Medical/Dental Treatment Policy**

In order to facilitate a request for treatment, the inmate must fill out a Medical Request Form asking for treatment. Inmate will then be assessed by a nurse. It is our policy that no one be denied medical treatment. Please refer to your inmate handbook or price list on the Kiosk for appropriate fee.

Answer: Chart _____ 5/1/20 - evaluated - scheduled to see the doctor next week.

Disposition by: _____   Date: 5-1-20   Time: 1742

Returned to inmate by: _____   Date: _____   Time: _____

Original - medical file; Yellow - inmate with response                    DCJ-444

---

# Davis County Sheriff's Office
### Correctional Division
## Inmate Request and Grievance Form

Name: ANGEL ABBEY   Inmate #: 398403   Housing Unit: H-4

Date: 5-1-__   Check One:  ( ) Request  (X) Inmate Grievance  ( ) Good Time  ( ) Disciplinary Appeal  ( ) Other

Describe Problem or Request: _____
_____
_____
_____

**Department Use Only**

Received by: _____   Date: 01 MAY 202_   Time: _____
Routed to: _____
Reply: On sick call scheduled.
_____
_____

Disposition by: _____   Date: _____   Time: _____
Returned to Inmate by: _____   Date: _____   Time: _____

# Davis County Sheriff's Office
## Correctional Division
## Inmate Request and Grievance Form

Name _____ Inmate # _____ Housing Unit _____

Date _____ Check One: ( ) Request ( ) Inmate Grievance ( ) Good Time ( ) Disciplinary Appeal ( ) Other

Describe Problem or Request: _____
_____
_____
_____

### Department Use Only

Received by _____ Sisson _____ Date 5/1/20 Time 1360

Routed to: _____ Medical

Reply: ___ WE ___ SCHEDULE ___ A SICK CALL _____
_____
_____
_____

Disposition by: _____ Date 5/10/2020 Time 171_

Returned to Inmate by: _____ Date _____ Time _____

Original - Classification File    Yellow - Inmate w/response    Pink - Inmate
DCI Form 501a (revised 02-29-96)

# Davis County Sheriff's Office
## Correctional Division
## Inmate Request and Grievance Form

Name _____ Inmate # _____ Housing Unit _____

Date _____ Check One: ( ) Request ( ) Inmate Grievance ( ) Good Time ( ) Disciplinary Appeal ( ) Other

Describe Problem or Request: _____
_____
_____
_____

### Department Use Only

Received by _____ Date _____ Time _____

Routed to: _____

Reply: _____
_____
_____
_____

Disposition by: _____ Date _____ Time _____

Returned to Inmate by: _____ Date _____ Time _____

# DAVIS COUNTY JAIL
## Medical/Dental

**Name: ANGEL CHRISTOPHER ABREU**

**Housing Unit: Q-21;DCCF;POD6; QUEBEC**

**Inmate ID#: 398403**

**Date: 09/14/2020**

Inmate Request:
09/14/2020 19:33:08
i need to see the doctor asap for my face an the infection ive been having and just seen u for. my face is worse and u didnt give me meds
Inmate Signature/Date:_____

Staff Response:
09/14/2020 20:37:17
We just sent your culture out to the lab. As soon as we get results back, you will be scheduled to see the Dr. again.
Staff Signature/Date:_____

INMATE COPY

# DAVIS COUNTY JAIL
## Watch Commander

**Name:** ANGEL CHRISTOPHER ABREU

**Inmate ID#:** 398403

**Date:** 09/14/2020

**Housing Unit:** Q-21;DCCF;POD6; QUEBEC

**Inmate Request:**

09/14/2020 10:31:06

im documenting once again the constant concern with my medical treatment at this facility. ive been dealing with this aggressive bumps/rash on my body for the past year and a half now and ive seen medical countless times regarding my concern for this. At first iwastold it was a rashh from working out. then i wastold its possibly staff infection. then it became staff and i almost lost my leg over it. then i was told it achne.then i was told it is stress boils. now im being told it is herpes.i went to the dr on friday 9/11/20 for this as it has spread to all over my face. and ive been told before that i need tosee a dermatologist but the jailwont let me go. now im being told its herpesand thats no joke to not help me with. ive been begging for treatment and have been denied antibiotics, creams, or any medicine to help treat or cure this. everytime i go to the dr i am told something different than last. now i was told i need a swab test done before the dr will help me or can. im curious to why im just now being told i need to swab test done after seeing the dr for a year anf s half now and about 16 times. i was toldthat all the medicinei was given before was for nothing as theres no real way totell what is wrong without running test. so the doctors have been playing guessing games and now im told i have herpes? thats nothing to play aguess game with and im demanding proper treatment and medicine as i have been for 2years now almost. if i need to see a dermatologist then i wantto go see one. i need help and ive been asking for it soplease help me figure this out. i caught this in here too so id expect some type of treatment. but im tired of seeing mdical ad not being treated or given and medicine to help me

Inmate Signature/Date:_____

**Staff Response:**

09/15/2020 3:46:10

A copy of this grievance has been given to medical

Staff Signature/Date:_____

INMATE COPY

# *Davis County Sheriff's Office*
## *Correctional Division*
## *Inmate Request and Grievance Form*

Name _____ Inmate # _____ Housing Unit _____

Date _____ **Check One:** ( ) Request (x) Inmate Grievance ( ) Good Time ( ) Disciplinary Appeal ( ) Other

Describe Problem or Request: _____
_____
_____
_____

## *Department Use Only*

Received by _M. Villegas_____ Date _11/11/20_ Time _1630_

Routed to: _Medical_____

Reply: _____
_____
_____

Disposition by: _____ Date _11/11/20_ Time _____

Returned to Inmate by: _____ Date _____ Time _____

Original - Classification File     Yellow - Inmate w/response     Pink - Inmate
DCJ Form 501a (revised 02-29-96)

STAFF INFECTION AGAIN

## DAVIS COUNTY JAIL
### Medical/Dental

**Name:** ANGEL CHRISTOPHER ABREU

**Inmate ID#:** 398403

**Date:** 09/25/2020

**Housing Unit:** Q-21;DCCF;POD6; QUEBEC

Inmate Request:

09/25/2020 16:43:08

what is taking so long for my appointment to get set for my crown to be placed on the tooth i just had a root canal on. its been over a month since my visit, almost two, and now my tooth broke a little for not having a crown. why do yall make it such a issue for me to get the proper treatment i need. please get this done. if its not a problem with my health and dealing with getting help from you with that then its a problem with dental and getting the care i need for that. ive been here for 2 years and im close to falling apart from the lack of proper treatment. im not trying to be disreaspctful but you gotta understand my frusteration consdering all the issues ive had with your medical department. please come talk to me so we can get this done before i need dentures at 24 years old

Inmate Signature/Date: _____

Staff Response:

09/30/2020 14:59:40

Your insurance requires a waiting period for further payment. In December, your insurance will pay 50% and you will need to pay the other $341.50. To have it done before that, the total cost to you would be $683.00 as there would be no payment from insurance.

Also, please realize that this is all contingent upon approval for transport out of the facility for what is considered an elective procedure.

Staff Signature/Date: ███████████

INMATE COPY

ASK Admin Reports

10/1/2019
11:48 AM

Davis County
Print Message Report
From 1/1/1900 To 10/1/2019

Case #: 286932
    Inmate: ABREU, ANGEL
    Recipient:  Admin, System
    Cellblock:  ROMEO 23 L

ID: 201807849
Created: 9/13/2019 11:29 AM

Type: Grievance
Category: Watch Commander Grievance
Sub-Catgory:
Status: Closed, Unfounded

| From | To | Message | Entered |
|------|-----|---------|---------|
| ABREU, ANGEL | Admin, System | look I need to speak with a captain or someone with the proper rank. your dentist wont help me because of his lack of social and emotional intelligence. hes inadequate and is denying me the help and medicine I need for my dental and medical concerns. I reached out with my health and dental issues im aware of and asked for help in pointing me the right directions to recieve treatment I need. instead I was kicked out of the dental room without any of my questions answered or my antibiotics for a life threatening infection hes aware of. im now being denied any report of my visit and I need to speak to a captain about the details of this visit and my treatment going forward. | 9/13/2019 11:29:00 AM |
| Olsen, | Swaner, | Can you address this situation? | 9/14/2019 6:58:00 AM |
| Administrator, System | ABREU, ANGEL | Case closed by System due to no activity. | 9/21/2019 6:59:00 AM |

ComponentOne C1Pdf (Evaluation Version)

ME IM WRONG, ON THIS VISIT HE ACTUALLY RAISED HIS VOICE AT ME AND THAT CAUSED ME TO WALK OUT THE EXAM
ROOM. IT WAS MADE VERY CLEAR IN JUST SEPTEMBER AND MANY OTHER TIMES THAT WHAT I HAVE IS STAPH A DIFFERENT DOCTOR
PERFORMED A CULTURE TEST **Davis County Sheriff's Office** WHICH PROVED THIS. THAT
WAS AFTER 2 YEARS OF CONSTANT VISITS AND **Correctional Division** THERE WAS EVEN A TIME BEFORE THAT WHICH
MY LEG ALMOST HAD TO GET CUT OFF BECAUSE **Inmate Request and Grievance Form** THIS INFECTION. BEFORE THAT DR WOODS KEPT
WAITING MY LEG WAS SWELLEN **Inmate Request and Grievance Form** FROM WITH.ING OUT. I WENT
TODAY FOR MORE ANTIBIOTICS AS THIS INFECTION WAS BACK AGAIN. AND DR. WOODS GOT MAD SAYING  I WHAT I HAD    F-11

Name ANEL ABREU        Inmate # 398403        Housing Unit F-11
WAS ACNE. WHICH ITS NOT. AND HES ALREADY SAID THAT MANY TIMES BEFORE BUT THE TEST FROM SEPTEMBER PROUE'D
IM WRONG. I DEMAND                                    THE PROPER TREATMENT AND AFTER TWO YEARS IVE BEEN GIVEN THE RUN AROUND.
Date 11/16/20        Check One:  ( ) Request  (X) Inmate Grievance  ( ) Good Time  ( ) Disciplinary Appeal  ( ) Other
(X) I HAVE BEEN GOING TO MEDICAL AND WRITTING THESE GRIEVANCES FOR TWO YEARS NOW

Describe Problem or Request: CONCERNING STAPH INFECTION WHICH IVE HAD DATING BACK TWO YEARS AGO FROM BEING IN
UC JAIL. IVE SEEN THE DOCTOR MANY TIMES FOR THIS AND THEY EITHER DO NOTHING OR GIVE ME ANTI RIOTICS WHICH CAN  GET
DO IT FOR A LITTLE THEN IT COMES BACK. ITS BEEN MADE CLEAR THAT I NEED TO SEE A DERMATOLOGIST. YET I'VE WENT
T ME OR HELP ME. I HAD A APP. W/ DR. WOOD AND LIKE MANY TIMES BEFORE HE ACTS LIKE ITS HIS FIRST TIME SEEING
ME FOR THE INFECTION AND MIS DIAGNOSES ME. EVERY TIME I TRY TO EXPLAIN TO HIM PAST VISITS OR HOW WE HAD
THE INFECTION FOR TWO YEARS NOW HE GETS **Department Use Only** MAD LIKE HE DID ON TODAYS VISIT AND TRIED

Received by ▮▮▮▮▮▮        Date 11/18/2020   Time 16:17
Routed to: WEBER COMMANDER

Reply: This is a Medical request. You need to put
it on a Medical Request form. You can get one
from the nurse at Med Pass.

Disposition by: ▮▮▮▮▮▮        Date 11-19-20   Time 01:47
Returned to Inmate by: ▮▮▮▮▮▮        Date 19-19/30   Time 1450

Original - Classification File   Yellow - Inmate whitepiece   Pink - Inmate
DC Form 301a (revised 02-29-96)

# CLAIM Four

## I. PLAINTIFFs

Plaintiff Angel Abreu, is and at all times mentioned herein a pretrial detainee of the Davis County Correctional Facility. Abreu is currently confined at DAVIS County Correctional Facility.

## II. DEFENDANTS

Defendants are Cole Modin, Sgt M Odom, X Bace, I. Sullivan, Z Jolley, and J Cahoon sued individually and in their official Capacity. At all times mentioned in this Complaint acted under the Color of law (Please refer to Title parties to the Complaint for details on defendants.

## III. VIOLATIONS

1. US Const. art. AMENDMENTS 8 Amendment 1    5. US Const. art. AMENDMENTS 8 Amendment XI
2. US Const. art. AMENDMENTS 8 Amendment IV   6. US Const. art. AMENDMENTS 8 Amendment VI
3. US Const. art. AMENDMENTS 8 Amendment XIII
4. US Const. art. AMENDMENTS 8 Amendment V

## IV. Facts

1. On September 26, 2020, at at around 0900 hours Z. Jolley told the plaintiff to meet him at the table so he could go through a secured legal mail. This was on a Saturday which was not, or never has been a day mail gets delivered to the inmate. After Z. Jolley did rounds in the Quebec Housing Unit the Plaintiff met him at a table in the Unit. Z. Jolley was carrying two manilla envelopes and began searching one of the two envelopes and it's contents. Z. Jolley read and searched the legal mail contents page by page. Z. Jolley got to two pages that were stuck together and asked the plaintiff "what's this" then put the contents back together and walked out the unit with the one manilla legal mail envelope that was unopened. Never was any contraband shown or discovered in the search involving the plaintiff (Ref. to Exhibit C and D). Later officers

IN FACTS (PAGE 2)

Claimed to of found contraband in the legal mail but never showed cause to
search the mail nor showed cause to deliver the mail with obvious intentions
to seize it on a Saturday which isn't a day mail is delivered to inmates
and outside of normal operating procedure. Only one legal mail document was opened
in front of the plaintiff and only a third of it was searched in front of the
plaintiff. The rest of that document as well as the other unopened legal mail
document was taken and searched outside of the plaintiff's presence. And
the alleged contraband being found was not mentioned until first by
Officer Terrell at the hospital when he told the plaintiff he believed
Abreu was trying to sneak drugs into the facility. (Ref Exhibit C page 7) The
exact charges weren't delivered to the plaintiff until 9/30/20 and
CLAIM DVE is a result of this incident. Never was the plaintiff given
inventory of the property searched and seized by Z. Jolley.
Z. As a result of Z Jolley actions and allegations the plaintiff was
to move from Pod 6 Quebec Housing Unit to Pod 2 Fox Harry Unit as explained
in CLAIMONE paragraphs 1-34 which the plaintiff realleges and
incorporates. On 9/26/20 after 1920 hours deputy Sullivan searched
and seized the plaintiff's property from Quebec Cell 21 which was
where Abreu was housed. The list of property can be viewed at
Exhibit C page 2 and 3. 13 books that included legal books on Criminal
Code, Rules of Evidence, etc., 3 large yellow envelopes marked "legal mail"
with seven legal documents, 2 manilla folders with legal documents, 4
composition notebooks with legal notes, and several large stacks of
papers from court proceedings, Utah laws and other legal documents
was all searched and seized from the plaintiff that belonged to
Abreu and was obviously read by Sullivan considering his details
on the property and the incident with Z. Jolley that happened in the

IV. Facts (Page 3)

0900 hours that same day. Neither was the plaintiff given a inventory list of his property that was searched and seized and no search warrants were given to the plaintiff by Sullivan or Z. Dalley and the property Sullivan took was also used for the fabrication of a Department investigation as mentioned in CLAIM one. Also Commissary items, Size 11 Reebok shoes, a religious (Islam) necklace and bracelet with gold Versace perscription glasses are missing from Sullivan's report, and the plaintiff did own these missing items. And the items Sullivan discarded was later proven to belong to the plaintiff from a reciept those kept. It is also important to note that the plaintiff was scheduled for court on 9/29/20 for a bail hearing and the oral argument for his evidentiary hearing regarding his criminal charges and neither rulings by the Judge that day. Because of Sullivan's the plaintiff was not prepared or equipted with his needed legal work where years of research was injected into and was seized by the defendants. The oral argument was the last of almost a year work of court proceedings regarding the evidentiary hearing. And the plaintiff had nothing from the first year in any legal documents, books, papers, rules, and or anything for his defence whatsoever because of the improper search and seizure confiscating such done solely the defendant causing interference when the plaintiff was trying to pursue legal action.

2. And when the plaintiff expressed his need and the importance of his legal property (Ref Exhibit) and the loss of his property via grievance Appeal Wrote prior to 9/29/20, I was answered in person by Sgt. Bowel who is the Box 2 Fox Housing Unit at or around 1100 hours on 10/1/20. Sgt. Bowes told the

VI. Facts (Page 4)

plaintiff that he could have his property back once he told her that the officers didn't stab him and that another inmate stabbed him or he stabbed himself but as long as he cleared the officers from doing it then he could have his property back. Baer mentioned that there was a lot of merky water and as long as Abreu cleaned it up he could get his stuff back. Abreu told Baer the FRT team stabbed him so she walked off while refusing to give the plaintiff his property which she made clear was just sitting under her desk. 4. In person, at around 1330 hours J. Schau conducted the disciplinary hearing for the charges following the 9/26/20 incident with Z. Jolley and CRT officers. The charges were later at contained in facility, evidence tampering, and act chargeable as a crime, Possession without movement, creating a direct danger creating health hazard and Abuse of mail for which J. Jolley charged the plaintiff with. Schau read Abreu his Miranda rights as he was facing criminal charges at the time. Abreu plead not guilty to every charge and chose not to speak further with facing criminal charges being a factor. Schau found the plaintiff guilty of all charges without giving any reasonable decision on the Adjudication report like the six count imposed was loss of mail which Schau imposed. During the time of the hearing the plaintiff told Schau that he wanted to defend himself against the allegations but since miranda right were read he felt the need of a lawyer to be present so he could and Abreu asked for one but never was one given so the plaintiff could defend himself and answer questions. The plaintiff was never charged criminally because officers could not prove the plaintiff conspired with persons to introduce the contraband into the

IV. FACTS(PAGE 5)

facility. So instead it was reported that the plaintiff was attempting to have other inmates to distract Jolley and Jolley reported that the plaintiff took possession of the legal mail form and refused to give it back unless the mail full of drugs was given to the inmate.(Ref Exhibit I) The incident can be viewed on camera as it happened in the middle of the housing unit and none of what Jolley reported can be seen on camera nor are there any drugs. When this was mentioned to Sgt. Meldrum by the plaintiff during his disciplinary appeal, Sgt. Meldrum told the plaintiff that he does not accept new evidence after the initial diciplinary hearing. The purpose of an appeal is to consider new evidence but Sgt. Meldrum refused to do so and in doing so refused the plaintiff due process. And the legal mail form the plaintiff allegedly "refused" to give back and "took" from Jolley was a form stating that the officer searched the mail for contraband in front of the inmate before giving it to them. None of which was properly done yet Jolley made the plaintiff sign the form before he opened the mail and it was not properly searched or seized for any contraband the defendants allege were the plaintiffs. So the form was not valid and was suppose to be signed after officers search the mail not before.

5. On 10/2/20 the plaintiff filed a Disciplinary Appeal which was considered by Sgt. Meldrum who is in charge of the appeals. Please refer to "Exhibit I" for the actions of Sgt. Meldrum. The plaintiff alleges and incorporates all that is said and done in the documents refered to in "Exhibit I" for this claim. Schow took the plaintiffs mail and Sgt. Meldrum refused the plaintiffs appeal efforts and both defendants denied the plaintiff access to mail. Such was grieved multiple times by the plaintiff.

IV. FACTS (PAGE 6)

6. Letters along with any mail from 10/1/20 to 10/31/20 were stopped or returned without notice or explaination to either the correspondant or the recipient. And legal mail sent from the plaintiffs attorney was also sent back during this time. Mail to and from persons not incarcerated was stopped or refused on factually incorrect grounds without legitimate justification. And not once did the plaintiff recieve any notice per mail that was returned. Nor was the plaintiff allowed access to law books or any books at this time.

7. Eventually Sgt Bauer with T. Nix gave the plaintiff a portion of his property back but even on this day there is still missing items. And when Sgt Bauer gave the portion of property back she refused to give the plaintiff his law books and his glasses saying she would only give those items if the plaintiff decided to tell her that he stabbed himself or that another inmate done it. The plaintiff once again stated the officers did it and his property was said to be put in his locker but was never given to him.

V. VIOLATION(S) SUPPORTING CLAIM
COUNT SEVEN: UNREASONABLE SEARCH AND SEIZURE

While delivering legal mail from a privileged correspondent to the plaintiff the defendant Z. Jolley did so without following daily operating procedure delivering on Secluday and failed to show cause to do so or to read the legal mail. The defendant Z. Jolley seized the legal mail claiming there was contraband inside but such finding was done so while searching the two privileged manilla envelopes and the contents away from the plaintiff after the legal mail was seized by Jolley who had obvious intentions to do so and apparent reason to believe such before the delivery was attempted to the plaintiff and without a search warrant or

V. VIOLATION(S) SUPPORTING CLAIM (PAGE 2)

issuing an inventory of the property seized nor was any notice given to the plaintiff or reason for the defendant Z. Jolley's actions and deceitful motive. Z. Jolley's actions were deliberate decisions to deprive the plaintiff of property and caused the plaintiff to be deprived of his liberty as sanctions were imposed on the plaintiff consisting of punitive isolation, confinement to quarters, loss of classification and loss of mail. And Jolley done so in a way that wasn't typical of prison life as mail was not and is not delivered to inmates on Saturdays or at the table in the middle of the housing unit so the officer can read and search the mail with no cause given to the plaintiff. (plaintiff is waiting for a GRAMA request response for this incident for further understanding and evidence for this claim) by the actions of Z. Jolley commiting the unreasonable search and seizure of the plaintiff's legal mail the defendant also violated the plaintiff's Fourteenth Amendment procedural due process and substantive due process. The plaintiff realleges and incorporates paragraphs 1-7 from "IV. FACTS".

COUNT EIGHT: UNREASONABLE SEARCH AND SEIZURE

After being moved from the cell the plaintiff was deprived of his property as it was seized by the defendants Barr and Sullivan and searched for the investigation conducted by Farmington Police Department without a warrant or a inventory list being served to the plaintiff and the property of the plaintiff was used as a way to get him to tell officials that either he stabbed himself or another inmate did it so the officers involved in "CLAIM ONE" would be free from accusations and guilt. The plaintiff realleges and incorporates paragraphs 1-7 from "IV. FACTS".

V. VIOLATION(S) SUPPORTING CLAIM (PAGE 3)

COUNT NINE: ACCESS TO COURTS

While the plaintiff was preparing for his 9/29/20 Bail Hearing and his oral arguement for his Evidentiary Hearing the legal work, notes, books, documents, prior proceedings and any legal property or discovery the plaintiff had was taken from him by the defendants Baer and Sullivan. The defendants refused to give the property back and the plaintiff was not able to further prepare for his Hearings nor did he have access to what he already had. As a result the plaintiff was not able to suppress any evidence being used against him in his Criminal Case or recieve bail in any amount as the judge did not rule in his favor. Nor was the plaintiff able to further build a defense for his Criminal Case as the property was taken from him and then used as a way to try to get the plaintiff to tell Baer that the officers from "CLAIM ONE" didn't stab him. The plaintiff realleges and incorporates paragraphs 1-7 from "IV FACTS". The plaintiff is facing Aggravated Murder, Aggravated Robbery and Aggravated Kidnapping charges since 9/29/18 and denying access to courts is very damaging to an already sensitive case.

COUNT TEN: ACCESS TO MAIL

While the defendants Schow and Sgt. Meldrum denied the plaintiff access to mail, letters along with any mail was stopped or returned without notice or explanation to either the correspondant or the recipient. The plaintiff realleges and incorporates paragraphs 1-7 from "IV. FACTS".

VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Refer to "EXHAUSTION OF ADMINISTRATIVE REMEDIES FOR ALL CLAIMS" as well as the Exhibits attached.

CLAIM FOR (CONTINUED)

## VII. CLAIMS FOR RELIEF

### COUNT SEVEN

The actions of the defendants, Cole Meldrum and Z. Jolley, in searching and seizing the plaintiffs legal mail with deliberate decisions that deprived the plaintiff of property without a search warrant or inventory list being served, were done without cause and in a way that was not typical of prison life at the jail and constituted unreasonably search and seizure in violation of the Fourth Amendment of the U.S. Constitution as well as the Fourteenth, Fifth and Thirteenth Amendments of the US Constitution. Plaintiff realleges and incorporates paragraphs 1-7 of "IV. Facts" and COUNT SEVEN of "V. VIOLATIONS supporting claim. While the plaintiff is and was a pretrial detainee.

### COUNT EIGHT

The actions of the defendants, Cole Meldrum, K. Baer and F. Sullivan, in searching and seizing all of the plaintiffs property with deliberate decisions that deprived the plaintiff of property and liberty, were done in a way that was not typical of prison life at the jail, nor was a list of inventory served to the plaintiff, no search warrant was issued and the plaintiff is missing property that was seized, all the while the plaintiff is and was a pretrial detainee and constituted unreasonable search and seizure in violation of the Fourth Amendment of the US Constitution as well as the Fourteenth, Fifth and Thirteenth Amendments of the US. Constitution. Plaintiff realleges and incorporates paragraphs 1-7 of "IV. FACTS" and COUNT EIGHT of "V. VIOLATIONS supporting claim.

### COUNT NINE

The actions of the defendants, Cole Meldrum, K. Baer and F. Sullivan, in denying the plaintiff access to the courts, and confiscating all of the plaintiffs legal work and books, were done sadistically and maliciously and constituted right to freedom of speech, right to counsel, involuntary servitude and due process in violation of the First, Sixth, Thirteenth and Fourteenth Amendments

VII. CLAIMS FOR RELIEF (PAGE 2)

of the US Constitution. The plaintiff realleges and incorporates paragraphs 1-7 of "IV. FACTS" and COUNT NINE of "V. VIOLATIONS SUPPORTING CLAIM".

COUNT TEN

The actions of the defendants, Cpl. Meldrum, J. Schow and Sgt. Meldrum, is denying the plaintiff access to mail, and failing to offer the plaintiff procedural due process, or any notice or explaination to the correspondant or the recipient for stopped or returned mail, were done sadistically and maliciously and constitued freedom of expression, due process and involuntary servitude in violation of the First, Fourteenth and Thirteenth Amendments of the US Constitution. The plaintiff realleges and incorporates paragraphs 1-7 of "IV. FACTS" and COUNT TEN of "V. VIOLATIONS SUPPORTING CLAIM".

VIII. RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief.

    A. issue a declaratory Judgment stating that:

        1. The actions of the defendants violated the plaintiffs rights of the US Constitution with respect to each count and the rights that were violated.

    B. Grant such other relief as it may appear plaintiff is entitled.

20, December, 2021

       Respectfully submitted,

ANGEL ABECU