Exhibit I

# Davis County Sheriff's Office
### Correctional Division
## Inmate Request and Grievance Form

Name _ANGEL AREVALO_   Inmate # _378403_   Housing Unit _____

Date _10/2/20_   Check One: ( ) Request   (✓) Inmate Grievance   ( ) Good Time   (✗) Disciplinary Appeal   ( ) Other _____

Describe Problem or Request: _(illegible handwriting)_

*Department Use Only*

Received by _Dragon_   Date _10-2-2020_   Time _1440_

Routed to: _(illegible)_

Reply: _Reply is on attached sheet._

Disposition by: _Sgt McIl_   Date _10/6/2020_   Time _0926_

Returned to Inmate by: _____   Date _____   Time _____

Original - Classification File   Yellow - Inmate w/response   Pink - Inmate
DCJ Form 501a-revised 02-27-961

---

# Davis County Sheriff's Office
### Correctional Division
## Inmate Request and Grievance Form

Name _ANGEL AREVALO_   Inmate # _398403_   Housing Unit _____

Date _10/7/20_   Check One: ( ) Request   ( ) Inmate Grievance   ( ) Good Time   (✓) Disciplinary Appeal   ( ) Other _____

Describe Problem or Request: _(illegible handwriting)_

*Department Use Only*

Received by _____   Date _____   Time _____

Routed to: _____

Reply:
_Mills   10-7-20   2200_
_Classification   Your appeal has already been addressed. I do_
_not accept new evidence after the hearing._

Disposition by: _Sgt McIl_   Date _10/12/202_   Time _0922_

Returned to Inmate by: _Mills_   Date _10/12/20_   Time _1900_

Original - Classification File   Yellow - Inmate w/response   Pink - Inmate

Mr. Abreu,

I have received your disciplinary appeal and reviewed the incident reports, camera footage, the sanctions you could have received and the sanctions you did receive. I will discuss each of the points you raised in your appeal one at a time:

You asked how you could be found guilty of "Introduction of contraband into the facility" when you never took the mail into your possession. Jail policy for this offense states: "An inmate may be charged with this offense if the reporting deputy believes that the inmate BY ANY MEANS ACTIVELY PARTICIPATED IN or caused, or attempted to cause the introduction of contraband from outside the facility to inside the facility." Deputy Jolley documented very specifically your attempts at getting other inmates to distract him from his task of reviewing your mail with you. He also reported that you took possession of the legal mail form and refused to give it back unless he gave you the mail full of drugs.

The required standard of proof in a jail discipline process is "some evidence." Some evidence is defined as, "such evidence that a reasonable mind might accept as adequate to support a conclusion." The record as a whole contains some evidence of your guilt.

The "Abuse of mail" charge relates to the same behavior on your part with regards to attempting to conceal and distract the deputy so the drugs in the mail would not be discovered. The "some evidence" standard is also met for this charge.

The charge of "Any act chargeable as a crime" I have reviewed and dismissed.

I have also reviewed the sanctions you were given, even though you did not appeal that specific aspect of the process. For the in-house charges that were levied against you and that you were found guilty of, these are the sanctions that you could have received and the sanctions you actually received:

Isolation (Lower Fox) – could have received 74 days, you received 21 days.

Confinement to quarters (Upper Fox) – could have received 150 days, you received 60 days.

Loss of classification (Hotel) – could have received 600 days, you received 120 days.

Loss of privileges – you could have received a loss of three privileges for 150 days, you received loss of one privilege (personal mail) for 30 days.

The sanctions imposed fall within the authorized range for the disciplinary violation(s) you have been found guilty of. The DHO has the discretion to impose sanctions within the approved range based upon the circumstances of each individual case.

The findings and sanctions imposed by the DHO are sustained.

Sgt. Meldrum

Classification Disciplinary Appeal Officer

October 6, 2020

# Davis County Sheriff's Office
### Correctional Division
## Inmate Request and Grievance Form

Name ANGE ABREU  Inmate # 398405  Housing Unit E

Date 11/6/20  Check One:  ( ) Request  (X) Inmate Grievance  ( ) Good Time  ( ) Disciplinary Appeal  ( ) Other

Describe Problem or Request: _(handwritten, largely illegible)_ IN MAIL 30 DAYS AND DIDNT GIVE ME ANY RETURN _____ MAIL OF _____ NOTE THAT YOU SENT BACK _____ THIS _____ DA IS I WROTE _____ ALL DOCUMENTED AND I _____ GOT A COPY OF THE _____ WELL DON'T AND I CAN _____ WITH GOOD _____ BACK _____ OF THE

## Department Use Only

Received by _____  Date 11/10/20  Time 9:00am
Routed to: Mailroom

Reply: During your hearing with classification they told you about your loss of mail privileges from 10/01 to 10/31. Due to the fact that they made you aware of this, that is our way of notification for all mail being denied during that time. In regards to the letters and photos, per policy we do not accept letters and we are not suppose to separate anything that comes in together. We are required to send everything back to prevent loss or separation. This has been done to all inmate mail for a long time now.

Disposition by: Mailroom  Date 11/10/20  Time 9:20
Returned to Inmate by: 14665  Date 11/10/20  Time 20:07
Original - Classification File   Yellow - Inmate w/response   Pink - Inmate
DCI Form 501a (revised 02-29-96)

# Davis County Sheriff's Office
### Correctional Division
## Inmate Request and Grievance Form

Name _____  Inmate # 398405  Housing Unit _____

Date _____  Check One:  ( ) Request  (X) Inmate Grievance  ( ) Good Time  ( ) Disciplinary Appeal  ( ) Other

Describe Problem or Request: _(illegible)_

## Department Use Only

Received by _____  Date 11/__/__  Time _____
Routed to: _____

Reply: _(illegible)_

Disposition by: _____  Date _____  Time _____
Returned to Inmate by: _____  Date _____  Time _____
Original - Classification File   Yellow - Inmate w/response   Pink - Inmate

## Correctional Division
## Inmate Request and Grievance Form

Name _____ Inmate # _____ Housing Unit _____

Date _____ Check One: ( ) Request    ( ) Inmate Grievance    ( ) Good Time    ( ) Disciplinary Appeal    ( ) Other

Describe Problem or Request: _____
_____
_____
_____
_____

## Department Use Only

Received by _____ Date _____ Time _____
Routed to: _____

Reply: _____
_____
_____
_____

Disposition by: _____ Date _____ Time _____
Returned to Inmate by: _____ Date _____ Time _____

Original - Classification File    Yellow - Inmate w/response    Pink - Inmate
DCJ Form 501a (revised 02-29-00)

---

# Davis County Sheriff's Office  SCANNED
## Correctional Division
## Inmate Request and Grievance Form

Name ANGEL ABREU    Inmate # 392403    Housing Unit F-4

Date 10/2/20    Check One: ( ) Request    (✗) Inmate Grievance    ( ) Good Time    ( ) Disciplinary Appeal    ( ) Other

Describe Problem or Request: How Can you Take My Mail "Privelages" Away for 30 DAYS if it is my Constitution right To HAVE MAIL AND Where is my MAIL At Going Since I HAVENt Recieved Any Denial / Return MAIL Slips?

## Department Use Only

Received by Dragon    Date 10-2-2020    Time 1440
Routed to: Pod 2 Classifications

Reply: It is not a Constitutional "right" to recieve mail. That's why it's called a "privilege". You will still receive your legal mail, so long as there are no drugs in it. Any mail sent here for you is returned to sender while you are on mail sanction.

Disposition by: Sgt. Mcham    Date 10/5/2020    Time 0845
Returned to Inmate by: _____ Date _____ Time _____

Original - Classification File    Yellow - Inmate w/response    Pink - Inmate
DCJ Form 501a (revised 02-29-00)

-14

# Davis County Sheriff's Office
### Correctional Division
## Inmate Request and Grievance Form

Name ANGEL ABREU   Inmate # 398403   Housing Unit F-4

Date 0/__/__   Check One:   ( ) Request   (X) Inmate Grievance   ( ) Good Time   ( ) Disciplinary Appeal   ( ) Other

Describe Problem or Request: So WHAT DAY EXACTLY AM I ABLE TO RECIEVE MAIL AGAIN? D HOW CAN I BE SURE MY LEGAL MAIL HASN'T BEEN BEING REFUSED? I'M WAITING IMPORTANT LETTER FROM THE OPC REGARDING A LOT OF IMPORTANCE D I'M WORRIED IT MAY OF BEEN RETURNED OR SOME... I... ... ... AND YOU'RE NOT GIVING ANY DENIED... ... ... YET I'VE BEEN REFUSING ME MAIL

**Department Use Only**

Received by Jeffers   Date 10/20/2020   Time 1959
Routed to: ~~CLASSIFICATION~~ Inmate Mail

Reply: You are able to get mail again now, but anything that came in that stated it was legal privileged mail would have still been given to you regardless. If anything was denied it would have been documented and you would have received a denial slip. Sorry!

Disposition by: N. Hernandez   Date 11/2/20   Time 8:45 am
Returned to Inmate by: _____ Date _____ Time _____

<small>Original - Classification File   Yellow - Inmate w/response   Pink - Inmate<br>DCJ Form 501a (revised 02-24-96)</small>

---

# Davis County Sheriff's Office
### Correctional Division
## Inmate Request and Grievance Form

Name ANGEL ABREU   Inmate # 398403   Housing Unit F-14

Date __/__/__   Check One:   ( ) Request   ( ) Inmate Grievance   ( ) Good Time   (X) Disciplinary Appeal   ( ) Other

Describe Problem or Request: THIS ... ...

**Department Use Only**

Received by Mills   Date 10-22-20   Time 11:21
Routed to: CLASSIFICATIONS

Reply: After a review of all incident reports and disciplinary findings, the "SOME EVIDENCE" standard has been met. The sanctions imposed have met the seriousness of the infraction. Your appeal is denied.

Disposition by: Sgt. M...   Date 10-27-2020   Time 0804
Returned to Inmate by: _____ Date 10/28/2020 Time 1:55

<small>Original - Classification File   Yellow - Inmate w/response   Pink - Inmate</small>

**Grievances:**

While in the Davis County Correctional Facility, you have the right to file a grievance relating to any condition of confinement, including but not limited to: medical care, classification actions, disciplinary procedures, food, clothing and bedding.

First speak to your Housing Unit Deputy. He/ She may have a solution to your problem. If this doesn't resolve your problem, you may file a formal grievance. Your grievances are expressed on the Inmate Request and Grievance Form, which can be found on the Kiosk.

You may NOT grieve decisions handed down by the courts, or disciplinary sanctions imposed by the Disciplinary Hearing board. You may appeal the sanctions of the disciplinary hearing process by submitting a disciplinary appeal request on the kiosk.

**Mail:**

Outgoing Mail: You may send as much mail as you wish as long as you have sufficient funds on your commissary account. Outgoing mail is subject to be checked. Mail sent to the courts or attorneys will be considered confidential, but may be checked for contraband in your presence. Legal mail is only considered "LEGAL" if it is sent to the address of an Attorney or Court.

You may not write letters to other inmates housed in the Davis County Jail unless they are immediate family. Proof must be available.

1. Pictures or drawings are not allowed on envelopes. Any envelopes with pictures or drawings may be returned to you.

2. The following return address must be included on the top left hand corner of the envelope:

Your name

Inmate booking number

Davis County Correctional Facility

P. O. Box 130

Farmington, Utah 84025

3. All letters must have complete sender's name and address. Letters will be returned if not complete.

4. If you are indigent under the commissary rules, you may receive two envelopes, with two sheets of paper each, per week, from the Commissary Inmate Welfare program. Inmates' commissary accounts will be charged for all orders.

Davis County Correctional Facility

Inmate Handbook


INMATE COPY

**502.08 PRIVILEGED CORRESPONDENT**

A. Privileged mail is qualifiedly entitled to constitutionally protected confidentiality. Accordingly, this policy places certain restrictions upon the handling, opening and examination of mail, which is determined to be privileged. Certain types of mail are entitled to constitutionally protected confidentiality (or privileged). Accordingly, this privilege prohibits qualifying correspondence material from being read without cause by Davis County Corrections officials. Privileged mail is:

1. Enclosed in a business envelope of the attorney or court with the senders name and return address imprinted or embossed on the envelope;

2. From an attorney, clearly identified as originating from an attorney or law office; and

3. Clearly labeled by, printed or otherwise affixed notice on the envelope with the words, privileged, confidential legal material, or other language which clearly requests confidentiality due to the privileged nature of the enclosed material.

B. Correspondence will be deemed privileged when sent from an inmate to:

1. The Facility Commander

2. The Sheriff of Davis County

3. The Office of the Attorney General

4. Courts

5. Attorneys or Law Offices

6. Governor

C. Mail sent by an inmate to any of the following will NOT be deemed privileged.

1. Law schools;

2. The news media;

3. Government agencies or officials unless specifically identified under policy 502.12 A or B, above;

4. Hospitals, medical centers, medical clinics, or doctors' offices;

5. Private investigators or private security agencies companies

6. Associations or groups not readily known as legitimate legal assistance provider;

7. Legal publishers

8. The clergy.

D. Attorney mail should only be declared to be privileged if:

1. It contains material which is related to the attorneys representation of the inmate; and

2. It is confidential in nature information not otherwise available to the Facility.



E. To be processed as privileged, eligible attorney mail should include only that communication which is related to the official capacity and authorized purposes of that entity and:

1. Will not be extended to communications of a personal or social nature; and

2. Will be processed in a manner which affords confidentiality.

F. Correspondence from paralegal, law clerks, legal assistants and other persons employed by an attorney to an inmate will not be regarded as privileged mail unless signed by the employing attorney.

Davis County Correctional Facility

Policy and Procedures Manual

Revised April 25 2017

INMATE COPY

**502.10 OUTGOING PRIVILEGED MAIL**

A. To claim privilege when writing to the officials listed above, the inmate will:

1. Address the envelope to the intended recipient by name, title and agency;

2. Write their own name, inmate number on the envelope: and

3. Enter the required legend on the envelope clearly labeling the correspondence privileged.

B. Preparation by inmate:

1. Outgoing correspondence must be properly designated to be afforded privileged handling.

2. Envelopes not properly sealed will be returned to the inmate sender.

3. Only indigent inmates are entitled to free postage for privileged outgoing mail.

4. Inmates must clearly label the outgoing correspondence as Privileged or legal in writing on the outside of the envelope.

5. Inmates are to place all outgoing mail including privileged correspondence in the boxes located in the housing units. Mail will not be placed in the windows of the Pods.

6. Inmates must seal their legal correspondence. Inmates may request a deputy witness the sealing of the envelope if questionable material must be sent as correspondence.

C. Inmates are prohibited from:

1. Falsely labeling correspondence as privileged

2. Sending illegal or other contraband out in privileged correspondence

3. Mailing cash or other negotiable instruments without the proper property release forms filled out

4. Other material which presents a clear and present danger to the Facility.

D. The Pod staff and/or Floor Deputies and other Davis County Personnel will handle outgoing privileged mail in a manner which facilitates the confidential processing required. Outgoing privileged mail:

1. May be inspected only when upon reasonable cause to believe that the correspondence:

a. Contains material which would significantly endanger the security or safety of the Facility, staff, inmates; or

b. Is represented as legal material.

2. Outgoing privileged mail:

a. May be inspected only in the presence of the inmate sender;

b. Will not be perused;


INMATE COPY

c. Will not be photo-copied; and

d. May be denied only for a reasonable cause and upon instruction of the Facility Commander.

3. Outgoing privileged mail from an inmate that cannot be identified will remain in the housing unit until the inmate claims it. If not claimed within a reasonable time after notice, the mail will be forwarded to the mail processing staff for disposition.

E. Inmates will be responsible to ensure that their outgoing correspondence has sufficient postage.

F. Non-indigent inmates will use embossed first-class envelopes obtained from the commissary. If the correspondence will require additional postage and returns to the Facility postage due, the procedure will be followed as outlined in 502.02.B.4.

G. Inmates may use indigent envelopes obtained from commissary (3 3/4" x 6 1/2") for outgoing legal correspondence. One envelope should contain 5 sheets of 8 ½" x 11" paper which is equivalent to first-class, domestic, one-ounce letter.

1. Inmates may request legal envelopes on Commissary order forms.

Davis County Correctional Facility

Policy and Procedures Manual

Revised April 25 2017



# DAVIS COUNTY

Davis County is being held liable for the following:

1. Utah Const. art. 1§4 Religious Liberty

2. Utah Const. art. 1§7 Due Process of law

3. Utah Const. art. 1§21 Slavery forbidden

4. Utah Const. art. 1§1 Inherent and inalienable rights

5. Utah Const. art. 1§9 Excessive bail and fines - Cruel punishments

6. Utah Const. art. 1§15 Freedom of Speech and of the press

The plaintiff realleges and incorporates "CLAIM ONE", "CLAIM TWO", "CLAIM THREE" and "CLAIM FOUR" of the Complaint and the alleged violations. Davis County is to be held liable for the same "CLAIMS FOR RELIEF" and "RELIEF REQUESTED" for each CLAIM with respect to each count excluding injunctive relief and TRO.

The link between the custom or policy and the violations alleged goes as follows, per COUNT:

COUNT ONE, Utah Const. art. 1§9, Utah Const. art. 1§7, Utah Const. art. 1§21, Utah Const. art. 1§15;

COUNT TWO, (same as COUNT ONE)

COUNT THREE, (same as COUNT ONE)

COUNT FOUR, (same as COUNT ONE)

COUNT FIVE, Utah Const. art. 1§4, Utah Const. art. 1§21, Utah Const. art. 1§1, Utah Const. art. 1§15;

COUNT SIX, Utah Const. art. 1§7, Utah Const. art. 1§2, Utah Const. art. 1§21, Utah Const. art. 1§1;

COUNT SEVEN, Utah Const. art. 1§1, Utah Const. art. 1§7, Utah Const. art. 1§21;

COUNT EIGHT, Utah Const. art. 1§1, Utah Const. art. 1§7, Utah Const. art. 1§21;

COUNT NINE, Utah Const. art. 1§15, Utah Const. art. 1§7, Utah Const. art. 1§21, Utah Const. art. 1§1;

COUNT TEN, Utah Const. art. 1§15, Utah Const. art. 1§7, Utah Const. art. 1§21, Utah Const. art. 1§1;

DAVIS COUNTY (PAGE 2)

WHEREFORE, Plaintiff request that the court grant the following relief.

A. issue a declaratory Judgment stating that:

1. The actions of the defendants and DAVIS COUNTY Violated the rights of the US constitution and municipal customs with respect to each COUNT and the rights and customs or policy that were VIOLATED.

B. Grant such relief as it may appear plaintiff is entitled.

C. Refer to each CLAIM as the plaintiff realleges and incorporates the CLAIMS for Relief and the RELIEF REQUESTED for DAVIS COUNTY as well and seperate.

20, December, 2021

Respectfully Submitted,

ANDRE ABREU

(the following copies are "RELIEF REQUESTED" from each CLAIM that DAVIS COUNTY is being held liable for as well)

VII. CLAIMS FOR RELIEF (CONTINUED PAGE 2)

serious risk that lead to an attack against the plaintiff and excessive force used by officers, were done sadistically and maliciously and constituted cruel and unusual punishment in violation of the Eighth Amendment of the US. Constitution along with Fourteenth and Thirteenth Amendment violations. The plaintiff realleges and incorporate by reference paragraphs 1-34 of "ALLEGATION(S)" and COUNT ONE from "V. VIOLATION(S) SUPPORTING CLAIM."

C. COUNT THREE

The actions of the defendants, Cole Meldrum, Hutchinson, T. Nix, Sc Lewis, Deputy Major, Rummel, Terrell, Z. Jolley, Cpl. Clark, Deputy List, E Sullivan and BAER, is delaying and denying the plaintiff psychological attention, and failing to offer emergency psychological treatment, were done sadistically and maliciously and constitued cruel and unusual punishment in violation of the Eighth Amendment of the US Constitution along with Fourteenth and Thirteenth Amendment violations. The plaintiff realleges and incorporates by reference paragraphs 1-34 of "ALLEGATIONS" and COUNT THREE from "V. VIOLATIONS SUPPORTING CLAIM."

D. COUNT FOUR

The actions of the defendants, Cole Meldrum, Hutchinson, T. Nix, Sc. Lewis, Deputy Major, Rummel, Terrell, and John Doe, is officer abuse of force, and failing to act or provide remedial actions to the risk and injuries that occured while disregarding pain and suffering, were done sadistically and maliciously and constitued cruel and unusual punishment in violation of the Eighth Amendment of the US. Constitution along with Fourteeth and Thirteenth Amendment violations. The plaintiff realleges and incorporates by refrence paragraphs 1-34 of "ALLEGATIONS" and COUNT FOUR from "V. VIOLATIONS SUPPORTING CLAIM."

VIII. RELIEF REQUESTED

WHEREFORE, plaintiff request that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The actions of the defendants Meldrum, Hutchinson, Nix, Lewis, Major, Baer Terrell, Rummel, Doe, Jolley, Clark, List and Sullivan, violated the plaintiffs rights under the Eighth Amendment of the United States Constitution, with respect to the defendants and each count listed.

2. ~~The actions of the defendants Meldrum, Hutchinson, Nix, Lewis, Major, Baer~~ Terrell, Rummel, Doe, Jolley, Clark, List, and Sullivan, violated the

VIII. RELIEF REQUESTED (CONTINUED PAGE 2)

Plaintiffs rights under the fourteenth and Thirteenth Amerdments of the United States Constitution, declared seperate from the Eighth Amendment, declaratory judgement with respect to the defendants and each count listed.

B. Issue an injunction ordering the defendants and DAVIS COUNTY CORRECTIONAL FACILITY TO:

1. STOP activating or performing CERT Team cell extractions without first providing emergency psychological treatment by involving a psychologist to personally evaluate the inmate through safe means of contact and by using conversation(s), a written message or even family members to communicate with the inmate and correct behavior or get them to comply with officers or orders. Officers and officials are to include the psychologist in any gathering that is to inform others of the inmate or to decide on and plan that uses force against the inmate. The psychologist shall have word at these gatherings as a consideration to provide remedial action with regards to the inmates health and safety to avoid serious risk through preventing the need of force from officers and exhausting all mediation efforts before activating CERT Team to respond.

2. Undergo and require the officials and officers involved in the September 26, 2020 incident or events from that day, to participate and complete sensitivity training and mental health awareness, to prevent harm and disregard to serious risk from happening further and to provide remedial action.

3. Undergo and require the CERT Team members involved in the September 26, 2020 incident to participate and complete preventative officers abuse of force training, to provide remedial action and prevent further bodily injury, excessive force and abuse from happening.

(PLEASE DISREGARD SECTION C)

C. Issue a temporary restraining order restricting defendants from:

1. Participating in or performing any CERT Team emergency responses or cell extractions until policy and procedure is created and or redressed in regards to "VIII. RELIEF REQUESTED" B(1) injunction and B(2) is at the very least drafted, to provide remedial action and prevent harm from happening further.

2. Participating in or performing any CERT Team emergency responses or cell extractions until training is complete in regards to "VIII. RELIEF REQUESTED" B(3) injunction to provide remedial action and prevent harm from further happening.

VIII. RELIEF REQUESTED (PAGE 3)

D. Award compensatory damages in the following amounts:

1. 5,000 jointly and severally against defendants Meldrum, Hutchinson, Nix, Lewis, Major, Rummel, Terrell, Jolley, Clark, List, Sullivan and Baer, for the denial and delay of emergency psychological care and the complete disregard for the safety or security of the Plaintiff that resulted in bodily injuries and mental anguish with respect to COUNT THREE of CLAIM and causing pain and suffering.

2. 5,000 jointly and severally against Meldrum, Hutchinson, Major, Lewis, Rummel, Nix and Terrell, with respect to COUNT ONE of CLAIM, for failing to provide the plaintiff protection from the abuse, harassment and attack from officers against the plaintiff that resulted in bodily injuries and mental anguish causing pain and suffering.

3. 5,000 jointly and severally against Meldrum, Hutchinson, Major, Lewis, Nix, Rummel and Terrell, for excessive force that resulted in abdomen laceration and abrasions against the Plaintiff, with respect to COUNT TWO, causing pain and suffering and mental anguish.

4. 5,000 jointly and severally against Meldrum, Hutchinson, Nix, Lewis, Major, Rummel, Terrell and John Doe, for Abuse of force with respect to COUNT Four that resulted in paraesthesias to the plaintiffs hands causing pain and suffering and mental anguish.

E. Award punitive damage in the following amounts:

1. 10,000 each against defendants Meldrum, Hutchinson, Nix, Lewis, Major, Rummel, Terrell, Jolley, Clark, List, Sullivan, and Baer, with respect to COUNT THREE.

2. 10,000 each against defendants Meldrum, Hutchinson, Major, Lewis, Rummel, Nix and Terrell, with respect to COUNT ONE.

3. 10,000 each against defendants Meldrum, Hutchinson, Major, Lewis, Nix, Rummel and Terrell, with respect to COUNT TWO.

4. 10,000 each against defendants Meldrum, Hutchinson, Major, Lewis, Nix, Rummel, Terrell and John Doe, with respect to COUNT Four.

F. Award discretionary damages each count as it may appear plaintiff is entitled.

G. Award future damages for expected pain and suffering, loss or impairment of earning capacity, and projected medical or psychological expenses as it may appear Plaintiff is entitled.

H. Grant such other relief as it may appear plaintiff is entitled.

VIII. RELIEF REQUESTED (PAGE 4)

20, December, 2021

Respectfully Submitted,

ANGEL C. ABBEY

PO Box 130
FARMINGTON, UT 84025

## V. VIOLATION(S) SUPPORTING CLAIM
### COUNT FIVE: FREEDOM OF RELIGIOUS PRACTICE

While requesting multiple times for religious diet and prayer rug, and even offering to pay for such accomodations, the plaintiff was denied personally by Townsend and due to regulations which substantially burdened sincerely held religious beliefs. The plaintiff re-alleges and incorporates by reference paragraphs 1-4 of "IV. FACTS".

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Refer to "EXHAUSTION OF ADMINISTRATIVE REMEDIES FOR ALL CLAIMS." AND EXHIBITS

## VII. CLAIMS FOR RELIEF

The actions of defendants, Townsend and Meldrum, is denying the plaintiff freedom of religious practice, and substantially burdening sincerely held religious beliefs were done without rational connection between jail regulations and the governmental interest in order to justify it and constitued the free exercise thereof in violation of the First Amendment of the US. Constitution along with the Fourteenth and Thirteenth Amendments. The plaintiff re-alleges and incorporates by reference paragraphs 1-4 of "IV. FACTS".

## VIII. RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

   A. Issue a declaratory judgment stating that:

      1. The actions of defendants Meldrum and Townsend, violated the Plaintiffs rights under the First Amendment of the United States Constitution.

      2. Seperately, the actions of defendants Meldrum and Townsend, violated the Plaintiffs rights under the 14th and Thirteenth Amendments of the United States Constitution.

   B. Issue an injunction ordering the Davis County CORRECTIONAL Facility and the defendants to:

      1. Immediately address policy and give inmates the complete freedom to practice their religious beliefs and provide them with the available accomodations to do so at any time the inmate requests or desires to let the officers or officials know of their religion. And/or create policy to do so.

      2. Provide muslim inmates with a better and more diverse Halal religious diet

VIII. RELIEF REQUESTE (PAGE 2)

that is more ritual and follows close to what the Utah state prison(s) offer.
In doing so recreate what is available now as the current Muslim diet is
Kosher instead of Halal and does not meet the standards for either.

C. Corant such other relief as it may appear plaintiff is entitled.


20, December, 2021

Respectfully Submitted

ANGEL ABREU

## IV. FACTS (PAGE 3)

at Abreu during a appointment Was all Mentioned to Jensen. Also mentioned was how Woods kept pushing the appointments out saying "things like this just need time to heal" and the problem was getting worse not better meanwhile. And it was expressed to Jensen that Abreu wanted to see a different doctor than Woods.

8. Today, 12/20/21, the plaintiff's hands are still numb and the pain that shoots up his arms still exists.

9. On 10/13/20 the plaintiff wrote a grievance about his hands (REF. Exhibit #1) and them being numb.

10. On 9/29/20 the plaintiff wrote a grievance about his hands being numb and how they lost circulation for so long. (REF. Exhibit #1) And it was mentioned that Abreu was waiting longer than usual to be seen by a doctor.

11. There are many more grievances that exist and that Abreu filed. But they haven't been made available for this complaint by the Jail Records Division. The plaintiff has not been seen by a doctor for this since his last visit around January 2021, when Woods told him there was nothing he could do for the plaintiff. Dr. Woods is the head physician at Davis County Jail and that has made it impossible to go around him. Now the plaintiff suffers from permanent numbness and pain in both hands.

## V. VIOLATION(S) SUPPORTING CLAIM

### COUNT SIX: DENIAL OF MEDICAL CARE

While suffering from nerve damage due to restraints and paraesthesias in both hands, and requesting medical care for the injuries, the defendants refused to assist the plantiff, or to seek medical intervention and care or provide treatment while acting deliberately indifferent causing permanent damage

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Refer to "EXHAUSTION of ADMINISTRATIVE REMEDIES FOR ALL CLAIMS"

## VII. CLAIMS FOR RELIEF

The [illegible] the defendants [illegible]

VII. CLAIMS FOR RELIEF (PAGE 2)

denying plaintiff to medical attention, and failing to offer adequate medical treatment, were done sadistically and maliciously and constitued cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution along with the Fourteenth and the Thirteenth Amendments. The plaintiff realleges and incorporates by reference paragraphs 1-11 of "IV. FACTS".

VIII. RELIEF REQUESTED

WHEREFORE, plaintiff requests that the Court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The actions of the defendants Meldrum, Jensen, and Woods violated the plaintiffs rights under the Eighth Amendment of the United States Constitution.

2. A separate Judgment, The actions of the defendants Meldrum, Jensen, and Woods, violated the plaintiffs rights under the 14TH and Thirteenth Amendments of the United States Constitution.

3. Award Compensatory damages in the following amounts:

1. 5,000 jointly and severally against defendants Meldrum, Woods and Jensen, for the denial of medical attention and failing to offer adequate medical attention or treatment that resulted in the plaintiffs permanent paraesthesias in his hands.

C. Award punitive damages in the following amounts:

1. 10,000 each against defendants Meldrum, Woods and Jensen

D. Award discretionary damages as it may appear plaintiff is entitled.

E. Award future damages for expected pain and suffering, loss or impairment of earning capacity, and projected medical expenses as it may appear plaintiff is entitled.

F. Grant such other relief as it may appear plaintiff is entitled.

20, DECEMBER, 2021
RESPECTFULLY SUBMITTED

ANGEL ABREU

CLAIM FOR 2 (CONTINUED)

VII. CLAIMS FOR RELIEF

COUNT SEVEN

The actions of the defendants, Cole Meldrum and Z. Jolley, is searching and seizing the plaintiffs legal mail with deliberate decisions that deprived the plaintiff of property ^without a search warrant or inventory list being served, were done without cause and in a way that was not typical of prison life at the jail and constituted unreasonably search and seizure in violation of the Fourth Amendment of the US. Constitution as well as the Fourteenth, Fifth and Thirteenth Amendments of the US constitution. Plaintiff realleges and incorporates paragraphs 1-7 of "IV. FACTS" and COUNT SEVEN of "V. VIOLATIONS SUPPORTING CLAIM. While the plaintiff is and was a pretrial detainer.

COUNT EIGHT

The actions of the defendants, Cole Meldrum, K. Baer and E. Sullivan, is searching and seizing all of the plaintiffs property with deliberate decisions that deprived the plaintiff of property and liberty, were done in a way that was not typical of prison life at the jail, nor was a list of inventory served to the plaintiff, no search warrant was issued and the plaintiff is missing property that was seized, all the while the plaintiff is and was a pretrial detainer and constituted unreasonable search and seizure in violation of the Fourth Amendment of the US Constitution as well as the Fourteenth, Fifth and Thirteenth Amendments of the US. Constitution. Plaintiff realleges and incorporates paragraphs 1-7 of "IV. FACTS" and COUNT EIGHT of "V. VIOLATIONS SUPPORTING CLAIM.

COUNT NINE

The actions of the defendants, Cole Meldrum, K. Baer and E. Sullivan, is denying the plaintiff access to the courts, and confiscating all of the plaintiffs legal work and books, were done sadistically and maliciously and constituted right to freedom of speech, right to counsel, involuntary servitude and due process in violation of the First, Sixth, Thirteenth and Fourteenth Amendments

VII. CLAIMS FOR RELIEF (PAGE 2)

of the US Constitution. The plaintiff realleges and incorporates paragraphs 1-7 of "IV. FACTS" and COUNT NINE of "V. VIOLATION(S) SUPPORTING CLAIM".

COUNT TEN

The actions of the defendants, Cpt. Meldrum, J. Schow and Sgt. Meldrum, is denying the plaintiff access to mail, and failing to offer the plaintiff procedural due process, or any notice or explaination to the correspondant or the recipient for stopped or returned mail, were done sadistically and maliciously and constitued freedom of expression, due process and involuntary servitude in violation of the First, Fourteenth and Thirteenth Amendments of the US. Constitution. The plaintiff realleges and incorporates paragraphs 1-7 of "IV. FACTS" and COUNT TEN of "V. VIOLATION(S) SUPPORTING CLAIM"

VIII. RELIEF REQUESTED

WHERE-FORE, Plaintiff requests that the Court grant the following relief,

A. issue a declaratory judgment stating that:

1. The actions of the defendants violated the plaintiffs rights of the US Constitution with respect to each Count and the rights that were violated.

B. Grant such other relief as it may appear plaintiff is entitled.

20, December, 2020

Respectfully submitted,

ANGEL ABREU

ETC.

- Cole Meldrum is being held responsibly for each claim because he is the DAVIS COUNTY JAIL CORRECTIONS AND ADMINISTRATION DIVISIONS LEADER so HE IS LEGALLY AND FULLY RESPONSIBLE FOR THE DAILY OPERATIONS, AND FOR THE WELFARE OF ALL INMATES AT DAVIS county jail.

- Cole Meldrum and Sgt. Meldrum are two seperate defendants.

- The plantiff is not entirely sure what injunctions he can or can't request that affect his Criminal Proceedings such as a "change of venue" due to the violations being done in the same place the plantiff is going to trial and considering much more. This is being noted because the plantiff is researching this and will later request what is appropriate. And if it is possible to get input on this that would be great.

- John Doe is Corporal Hardt

- The plantiff has filed GRAMA requests to obtain certain policies that support claims, grievances and documentation of events while in custody such as when a officer tried to attack the plantiff in a unrelated claim and the officer was dragged out of the housing Unit by two Sergeants. Those will be added as soon as they are made available.

VERIFICATION

I have read the foregoing amended complaint and hereby verify that the matters alleged therein are true, except to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at Davis County on December 20, 2021.

ANGEL ABBEY