Frank D. Mylar (5116)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
office@mylarlaw.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANGEL ABREU,<br><br>Plaintiff,<br><br>v.<br><br>AMY HUTCHINSON, CHRISTOPHER RUMMELL, COLE MELDRUM, WILBERT TERRELL, SC LEWIS, and T. NIX,<br><br>Defendants. | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Case No. 1:21-cv-129<br><br>Judge: Robert J. Shelby |

Defendants, Amy Hutchinson, Christopher Rummell, Cole Meldrum, Wilbert Terrell, SC Lewis, and T. Nix, through their attorney, Frank D. Mylar, respectfully submit this Reply Memorandum in Support of their Motion to Dismiss as follows:

**REPLY INTRODUCTION**

Plaintiff has not shown any compelling reason why his suit should not be dismissed. First, he concedes that his state constitutional claims should be dismissed, leaving only federal claims that are barred by the Prison Litigation Reform Act (PLRA). Plaintiff claims that he grieved the incident of September 26, 2020, but does not provide this grievance to the Court because he baldly

alleges, without any evidence, that it was lost or destroyed. This is insufficient to defeat Defendants' motion to dismiss. No undisputed material facts demonstrate that Plaintiff grieved his alleged assault as required by the PLRA, and therefore his suit must be dismissed.

## STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS

1. Plaintiff incorrectly claims that grievances could only be made at a kiosk, which he now claims was unavailable to him while in the maximum-security part of the Jail. (Dkt. 25-1 ¶ 28; Second Declaration of Cole Meldrum ¶ 42.)

2. However, the document referenced by Plaintiff only states that the inmate request and grievance form "can be found on the Kiosk." There is no requirement that grievances must be made at the kiosk. (Dkt. 25-3; 2nd Meldrum Decl. ¶ 43.)

3. Moreover, Plaintiff includes several grievances that were not made at the kiosk, and are instead handwritten, demonstrating Plaintiff was aware that the kiosk was not the only way to lodge a grievance. (Dkt. 25-6 and Dkt. 25-7; 2nd Meldrum Decl. ¶ 44.)

4. Additionally, as mentioned in Chief Meldrum's earlier declaration (Dkt. 19), Plaintiff filed two handwritten grievances within a week of his alleged stabbing, demonstrating he was aware and capable of filing a grievance during the relevant time. (Dkt. 19-14 and Dkt. 19-15; 2nd Meldrum Decl ¶ 45.)

5. Plaintiff claims that paper grievances are difficult to appeal. (Dkt. 25-1 ¶¶ 30-32.) However, the salient fact is that he did not file any grievance related to the September 26, 2020 incident. Without an initial grievance, there would not be anything to appeal. (2nd Meldrum Decl. ¶ 46.)

6. Plaintiff seems to claim that because there were several grievances he received through his GRAMA request that were not included in Meldrum's first declaration, then this is evidence that Plaintiff's grievances have been lost or destroyed. (Dkt. 25-1 ¶¶ 34-38, ¶ 42; 2nd Meldrum Decl. ¶ 47.)

7. However, not all of Plaintiff's previous grievances were included in Meldrum's prior declaration, nor did the declaration purport to contain all grievances filed by Plaintiff. Rather the grievances that were included were meant to illustrate Plaintiff's familiarity with the grievance process, and in an abundance of caution any grievance that even touched on the events of September 26, 2020, were also included, so that the Court could be satisfied that Plaintiff had not grieved the incident. (2nd Meldrum Decl. ¶ 48.)

8. Furthermore, Plaintiff admits that he does not have any evidence that he specifically grieved the September 26, 2020 incident. (Dkt. 25-1 ¶ 43; 2nd Meldrum Decl. ¶ 49.)

9. Plaintiff claims he filled out a paper-form grievance related to the September 26, 2020, incident, but is unable to provide any copy of it. (Dkt. 25-1 ¶ 49; 2nd Meldrum Decl. ¶ 50.)

10. However, as a custodian of records at the Davis County Jail, Meldrum has reviewed Jail records, and the Jail does not have any grievance from Plaintiff that directly grieves the incident of September 26, 2020. Therefore, Plaintiff did not exhaust his administrative remedies. (2nd Meldrum Decl. ¶ 51.)

## REPLY TO STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff has not disputed the following paragraphs in Defendants' Statement of Facts, so they must be deemed admitted: ¶¶ 1-4, ¶¶ 6-11, ¶ 15, ¶¶ 17-28, ¶¶ 31-38, ¶ 40. The following is Defendants' reply to the facts Plaintiff disputes:

**Reply to Paragraph 5:** The undisputed facts demonstrate Plaintiff knew he needed to file grievances to address concerns in the Davis County Jail, and that he did so repeatedly during his incarceration there.

**Reply to Paragraph 12:** Plaintiff's assertion that the number of grievances he filed is incorrect lacks foundation. Commander Meldrum did not purport to include all grievances Plaintiff filed during his incarceration (2nd Meldrum Decl. ¶ 48), and Plaintiff has not demonstrated how many grievances he filed while at the Davis County Jail.

**Reply to Paragraph 13:** Plaintiff provides no evidence that his grievance was lost or destroyed. As a custodian of records at the Jail, Commander Meldrum reviewed Jail records, and the Jail does not have any grievance that directly grieves the incident of September 26, 2020. Therefore, Plaintiff did not exhaust his administrative remedies. (2nd Meldrum Decl. ¶ 51.)

**Reply to Paragraph 14:** See Reply to Paragraph 13.

**Reply to Paragraph 16:** See Reply to Paragraph 13.

**Reply to Paragraph 29:** See Reply to Paragraph 13.

**Reply to Paragraph 30:** See Reply to Paragraph 13.

**Reply to Paragraph 39:** See Reply to Paragraph 13.

### RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

**Response to Paragraphs 41-57:** See above Replies and the Second Declaration of Commander Meldrum.

**EVIDENTIARY OBJECTION**

Plaintiff's affidavit is deficient and should be disregarded by the Court. (Dkt. 25-1.) It does not purport to be made upon personal knowledge and does not comply with the statutory requirements of an affidavit or declaration.

As stated in the Rules, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56 (c)(4). To that end, "28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit." Fed. R. Civ. 56, Advisory Comm., 2010 amends., subdiv. (c). And to that end, Section 1746 requires that a declaration substantially conform with the following language: "'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). | (Signature)'." 28 U.S.C. § 1746(2).

Indeed, failure to include all the statute's language has been sufficient reason for other courts to disregard a deficient declaration. *See Gerylouis Nguhlefeh Njilefac v. Garland*, 992 F.3d 362 (5th Cir. 2021) (disregarding two declarations that "did not represent that the statements were 'true and correct.'"). Moreover, "[i]n describing the requirements of a § 1746 declaration, [the Tenth Circuit has] consistently emphasized that the writer must 'subscribe' the statement 'as true under penalty of perjury.'" *Price v. Philpot*, 420 F.3d 1158, 1165 n.6 (10th Cir. 2005) (internal citations omitted).

Plaintiff's affidavit does not comply with these requirements. First, it styles itself an affidavit, which would require notarization. But even ignoring this, Plaintiff only states that he

5

"swear[s] under penalty of perjury . . . ." (Dkt. 25-1.) It lacks any certification that the statements made are "true and correct." This does not substantially comply with 28 U.S.C. § 1746, and therefore the Court should disregard Plaintiff's affidavit.

## REPLY ARGUMENT

### Plaintiff's affidavit does not create a disputed issue of material fact, and this suit should be dismissed for failure to comply with the PLRA.

Plaintiff argues that Defendants' PLRA exhaustion defense should not be granted because there is an issue of material fact as to whether he grieved the September 26, 2020 incident. However, his affidavit is insufficient to create a material issue of disputed fact. Plaintiff does not provide any evidence of an alleged grievance related to the September 26, 2020 incident beyond his unsupported claim that he did file a grievance, but that it no longer exists.

A plaintiff cannot evade the exhaustion requirement "by making bald allegations, even under oath of destruction or loss of a grievance." *Allen v. Schmutzler*, 2009 U.S. Dist. LEXIS 125239, *19-20 (D. Colo. Oct. 23, 2009) *citing* *White v. Tharp*, 2008 U.S. Dist. LEXIS 15719, *10 (D. Colo. Feb. 29, 2008) (Inmate plaintiff never provided copies of his grievances to the court or any actual evidence that would allow the court to conclude that they were filed. Plaintiff provided no more than his unsupported conclusory allegations regarding defendants' alleged obstruction of his use of the administrative process, which were not sufficient to create a genuine issue of material fact.); *Brooks v. Johnson*, 2008 U.S. Dist. LEXIS 31850 (D. Colo. Feb. 15, 2008) (Inmate plaintiff merely stated in his response that he did file an appeal and that grievance forms are frequently lost, misplaced, or destroyed. The absence of any evidence, other than plaintiff's allegation in his response, was insufficient.); *Maclary v. Carroll*, 142 Fed. Appx. 618, (3rd Cir. 2005) (In response to an affidavit stating the inmate plaintiff filed no grievances concerning the

conditions at issue, the inmate merely responded that he filed unanswered and unprocessed grievances and letters to prison officials, but he did not offer any support for those bare assertions. The court found his opposition to defendants' summary judgment motion did not create a genuine issue for trial.); *Brooks v. Conway*, 2007 U.S. Dist. LEXIS 26578, *4 (W.D.N.Y. Mar. 28, 2007) (Inmate plaintiff's "bald and conclusory assertions" that the defendants lost his grievance papers were, without more, insufficient to avoid summary judgment on plaintiff's claim based on failure to exhaust.).

Tenth Circuit caselaw demonstrates that unsupported and conclusory allegations of destroyed grievances is insufficient to defeat a PLRA summary judgment motion. *See Bell v. Ward*, 189 F. App'x 802, 804 (10th Cir. 2006) (holding that plaintiff's unsupported allegation that he had copies of the administrative appeal he had attempted to file was not enough, without providing the actual documentation, to survive a motion for summary judgment on the issue of exhaustion); *BancOklahoma Mortgage Corp. v. Capital Title Co*., 194 F.3d 1089, 1101 (10th Cir. 1999) ("While an affidavit is certainly an appropriate vehicle to establish a fact for summary judgment purposes, the affidavit must set forth *facts*, not conclusory statements.") (emphasis added); *Wallin v. Dycus*, 2009 U.S. Dist. LEXIS 71834, *14 (D. Colo. Aug. 13, 2009) (noting that a plaintiff "cannot defeat a motion for summary judgment by standing on his own unsupported, self-serving allegations.").

In short, Plaintiff does not provide the Court with "actual evidence that would allow the court to conclude that [a grievance] was in fact submitted." *Allen*, 2009 U.S. Dist. LEXIS 125239 at *14. At most, Plaintiff alleges that his grievance related to the September 26, 2020 incident was "lost or destroyed." (Dkt. 25-1 ¶ 44.) Plaintiff reaches this conclusion because he alleges that other

7

grievances he filed were not in the possession of Davis County because they were not filed with Defendants' opening motion. (*Id.* ¶ 42.)

However, not all of Plaintiff's previous grievances were included in Meldrum's first declaration, nor did the declaration purport to contain all grievances filed by Plaintiff. (2nd Meldrum Decl. ¶ 48.) As such, the inference that Plaintiff is asking the Court to make is unsupported by the evidence. Plaintiff provides no direct evidence that any of his grievances were lost or destroyed. His bald allegations, as a matter of law, are insufficient to defeat summary judgment.[1]

As such, Plaintiff cannot show he exhausted his administrative remedies as it relates to the events of September 26, 2020. Plaintiff filed numerous grievances during his incarceration at the Davis County Jail, and numerous examples have been provided to the Court. Yet, Plaintiff cannot provide the Court any proof that he grieved the September 26, 2020 incident, and therefore he cannot satisfy the requirements of the PLRA. The level of detail necessary in the grievance to comply with grievance procedures will vary from system to system and claim to claim, but it is the prison or jail's requirements, and not the PLRA, that define the boundaries of proper exhaustion. See *Smith-Bey v. Corr. Corp. of Am.*, 703 F. Supp. 2d 1 (D.D.C. 2010). The exhaustion requirement is a mandatory prerequisite to suit. *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir. 1997). Plaintiff has not satisfied the Davis County Jail's grievance process and therefore he has not met the requirements of the PLRA and his suit must be dismissed.

---

[1] Plaintiff also argues that he was not required to appeal any grievance rejection. (Dkt. 25 at 15-17.) Defendants never made this argument in their opening motion. Regardless of whether an appeal is necessary for PLRA exhaustion in this instance, a non-existent grievance cannot be appealed.

**WHEREFORE:** All Plaintiff's claims should be dismissed, and Plaintiff should be ordered to pay Defendants' attorney fees and costs under 42 U.S.C. § 1988 and Utah Code Ann. § 78B-3-104.

Dated this 30th day of June, 2023.

*/s/ Frank D. Mylar*

Frank D. Mylar
Attorney for Defendants