Frank D. Mylar (5116)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
office@mylarlaw.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANGEL ABREU,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>AMY HUTCHINSON, CHRISTOPHER RUMMELL, COLE MELDRUM, WILBERT TERRELL, SC LEWIS, and T. NIX,<br><br>　　　　　　Defendants. | **SECOND DECLARATION OF COLE MELDRUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Case No. 1:21-cv-129<br><br>Judge: Robert J. Shelby |

　　　I, Cole Meldrum, having been duly sworn, under oath, state that the following statements are true and based upon my personal knowledge:

　　　40.　　This second declaration supplements my prior declaration, and the paragraph numbering resumes from where that declaration ended. (Dkt. 19.)

　　　41.　　I have reviewed Plaintiff Angel Abreu's affidavit (Dkt. 25-1), and in response, offer the following supplemental testimony.

42. Plaintiff incorrectly claims that grievances could only be made at a kiosk, which he now claims were unavailable to him while in the maximum-security part of the Jail. (Dkt. 25-1 ¶ 28.)

43. However, the document referenced by Plaintiff only states that the inmate request and grievance form "can be found on the Kiosk." There is no requirement that grievances must be made at the kiosk. (Dkt. 25-3.)

44. Moreover, Plaintiff includes several grievances that were not made at the kiosk, and are instead handwritten, demonstrating Plaintiff was aware that the kiosk was not the only way to lodge a grievance. (Dkt. 25-6 and Dkt. 25-7.)

45. Additionally, as I mentioned in my earlier declaration, Plaintiff filed two handwritten grievances within a week of his alleged stabbing, demonstrating he was aware and capable of filing a grievance during the relevant time. (Dkt. 19-14 and Dkt. 19-15.)

46. Plaintiff claims that paper grievances are difficult to appeal. (Dkt. 25-1 ¶¶ 30-32.) However, the salient fact is that he did not file any grievance related to the September 26, 2020 incident. Without an initial grievance, there would not be anything to appeal.

47. Plaintiff seems to claim that because there were several grievances he received through his GRAMA request that were not included in my first declaration, then this is evidence that his grievances have been lost or destroyed. (Dkt. 25-1 ¶¶ 34-38, ¶ 42.)

48. However, not all of Plaintiff's previous grievances were included in my prior declaration, nor did the declaration purport to contain all grievances filed by Plaintiff. Rather the grievances that were included were meant to illustrate Plaintiff's familiarity with the grievance process, and in an abundance of caution any grievance that even touched on the events of

September 26, 2020, were also included, so that the Court could be satisfied that Plaintiff had not grieved the incident.

49. Furthermore, Plaintiff admits that he does not have any evidence that he specifically grieved the September 26, 2020 incident. (Dkt. 25-1 ¶ 43.)

50. Plaintiff claims he filled out a paper-form grievance related to the September 26, 2020, incident, but is unable to provide any copy of it. (Dkt. 25-1 ¶ 49.)

51. However, as a custodian of records at the Davis County Jail, I have reviewed Jail records, and the Jail does not have any grievance from Plaintiff that directly grieves the incident of September 26, 2020. Therefore, Plaintiff did not exhaust his administrative remedies.

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, that the above sworn statements are true and based upon my personal knowledge and experience.

Dated this 30th day of June, 2023.

*/s/ Cole Meldrum\**

Cole Meldrum
Jail Commander
Davis County Sheriff's Office

\*An original copy of this signed declaration is available for inspection upon request at counsel's office.