THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANGEL CHRISTOPHER ABREU,<br><br>        Plaintiff,<br><br>v.<br><br>DAVIS COUNTY et al.,<br><br>        Defendants. | **MEMORANDUM DECISION & ORDER DENYING SUMMARY JUDGMENT**<br><br><br>Case No. 1:21-CV-129-RJS<br><br><br>Chief District Judge Robert J. Shelby |

Plaintiff's Second Amended Complaint (SAC) asserts his federal constitutional rights were violated by Davis County defendants Hutchinson, Lewis, Meldrum, Nix, Rummell, and Terrell, arising from their alleged use of excessive force against Plaintiff.[1] (SAC, ECF No. 16.)[2] Plaintiff's claims originate from his time in Davis County Jail (DCJ), when on September 26, 2020, Defendants allegedly injured Plaintiff while moving him to a new cell. (*Id*.)

Defendants have filed a Motion to Dismiss, based on their allegations that Plaintiff failed to exhaust his administrative remedies. (ECF No. 18.) Because Defendants' Motion to Dismiss relies on evidentiary documents, and Plaintiff responds with his own documentary submissions, the Court converts the motion to one for summary judgment.[3] (ECF Nos. 18-20, 25, 29, 30.) The motion is denied, triggering an evidentiary hearing on the question of exhaustion.

---

[1] Plaintiff's Opposition to Defendants' Motion to Dismiss drops state-law claims. (ECF No. 25.)

[2] Plaintiff filed the SAC on January 31, 2023. (ECF No. 16.) Defendants did not object to the amendment and have used the SAC to formulate their Motion to Dismiss. (ECF Nos. 16, 18.) The Court thus accepts the SAC as the operative pleading here. (ECF No. 16.)

[3] A prisoner's failure to exhaust mandatory administrative remedies under the PLRA is an affirmative defense that a defendant must raise, and it normally cannot be resolved by

## A. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] mere factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact." *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). The Court "look[s] at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

"Once the moving party has identified a lack of a genuine issue of material fact, the nonmoving party has the burden to cite to specific facts showing that there is a genuine issue for trial." *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (internal quotation marks omitted). "Those specific facts must be supported by particular parts of materials in the record; relying on mere pleadings is insufficient." *Id.* (citation and internal quotation marks omitted). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Self*, 439 F.3d at 1230 (internal quotation marks omitted.).

## B. DEFENDANT'S EVIDENTIARY OBJECTION

In opposing Defendants' Motion, Plaintiff submits an "Affidavit," which begins with: "I, Angel Abreu, swear under penalty of perjury as follows: . . . ." (ECF No. 25-1.) Defendants lodge an evidentiary objection to this Affidavit. (ECF No. 28.) They contend it is deficient and

---

a Federal Rule of Civil Procedure 12(b)(6) motion. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Toevs v. Quinn*, No. 15-CV-2838, 2017 U.S. Dist. LEXIS 40400, at *7-8 (D. Colo. Mar. 21, 2017). Instead, a court presented with an exhaustion defense usually must consider the issue under the Rule 56 summary judgment framework. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007), *Estrada v. Smart*, No. 20-CV-549, 2023 U.S. Dist. LEXIS 77310, at *6 (D. Colo. May 3, 2023).

must be disregarded, as it is neither sworn before a notary or officer (and thus not technically an "affidavit"), nor an admissible "declaration" because Plaintiff fails to expressly swear his statements are "true and correct." (ECF No. 28, at 5-6.)  For the reasons discussed below, the Court disagrees. The objection is overruled.

"An affidavit is '[a] voluntary declaration of facts written down and sworn to by a declarant, [usually] before an officer authorized to administer oaths.'" *Vazirabadi v. Denver Health & Hosp. Auth.*, 782 F. App'x 681, 687 (10th Cir. 2019) (quoting Affidavit, *Black's Law Dictionary* (11th ed. 2019) (alteration in original)). As *Vazirabadi* notes, an affidavit is sworn either before a court officer or notary public. *Id*. This fundamentally differentiates an "affidavit" from a "declaration," which is unsworn. *Id*. However, any matter requiring an affidavit "may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated[.]" 28 U.S.C.S. § 1746 (2023). To be sufficient, any declaration must be "substantially in the following form . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'" *Id.* § 1746(b).

Plaintiff styles his supporting evidence an "Affidavit," but the document lacks any indication it was sworn before an officer authorized to administer oaths. (ECF Nos. 25, 25-1.) Thus, the document must be treated as an unsworn declaration, and may be considered only if it "substantially" provides it is sworn "under penalty of perjury to be true and correct." 28 U.S.C.S. § 1746 (2023).

Plaintiff in his declaration "swears under penalty of perjury," to the underlying statements, but does not specifically state that the underlying statements are "true and correct."

(ECF No. 25-1.) For this reason, Defendants contend it must be disregarded, citing two cases to support their contention that "failure to include all the statute's language has been sufficient reason for other courts to disregard a deficient declaration." (ECF No. 28, at 5.)

First, they rely on *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362 (5th Cir. 2021), suggesting in a parenthetical in their briefing that the court there "disregard[ed] two declarations that 'did not represent that the statements were "true and correct."'" (ECF No. 28, at 5 (quoting *Nguhlefeh Njilefac*, 922 F.3d at 365 n.4).) This misstates what the court did. In *Nguhlefeh Njilefac*, the Fifth Circuit Court of Appeals reviewed a decision by the Board of Immigration Appeals (BIA) denying a motion to reconsider denial of an appeal of an immigration judge's ruling. *Nguhlefeh Njilefac*, 922 F.3d at 363-64. In the underlying proceedings, the plaintiff's attorney had failed to file an appellate brief in response to the judge's written decision, and the appeal was denied. *Id.* at 364. In seeking reconsideration, the attorney and her officemate submitted declarations to the effect that they had not received in the mail the judge's written decision and the appellate briefing schedule. *Id.* The declarations were signed "under penalty of perjury" but did not represent that the statements therein were "true and correct." *Id.* The BIA denied the motion to reconsider, finding the plaintiff had not overcome the presumption that the documents were delivered. *Id.* The BIA apparently gave the declarations somewhat less weight because they lacked the "true and correct" language--but also seemingly found that their substance could not overcome other evidence suggesting delivery had been accomplished. *Id.* at 364 n.4.

In any event, on appeal, the Fifth Circuit did not "disregard" the declarations. Rather, it noted the presumption of mail receipt and analyzed the declarations' substance, concluding they

could not overcome this presumption where they only suggested "counsel had not received the relevant documents" and lacked detailed information concerning office staff. *Id.* at 365-66. Moreover, the court of appeals noted in a footnote it could find no binding circuit precedent on the issues of whether a declaration "passes muster if . . . made 'under penalty of perjury'" but not stating the contents are "true and correct"; or whether such a declaration "must be treated as *equally credible*." *Id.* at 365 n.4 (emphasis in original). The court of appeals noted that Fifth Circuit precedent suggested only that: (1) a declaration failing to state *either* that it was sworn under perjury *or* was "true and correct" did not comply with § 1746 (*Nissho-Iawi Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (1998)); and (2) a compliant declaration is considered equal to a sworn affidavit (*Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (2013)). *Id.* Thus, *Nguhlefeh Njilefac* --even if it were binding circuit precedent--would not guide this Court to conclude it must disregard Abreu's declaration because it lacks the phrase "true and correct."

Nor does the second case Defendants cite, *Price v. Philpot*, 420 F.3d 1158 (10th Cir. 2005). There, the court of appeals reviewed whether an inmate's certificate of service stating he had mailed his complaint within a statute of limitation ending on June 14, 2002 complied with § 1746, as required to be considered timely filed. *Id.* at 1166-67. The certificate stated that the inmate "'respectfully submitted' his complaint on June 14, 2002," and "'certifie[d] that this suit was place in the institutional mails on this 14th day of June, 2002, with the appropriate postage attached.'" *Id.* at 1167.

The Tenth Circuit found the inmate's certificate inadequate where "there is no 'under penalty of perjury' language as specifically required by 28 U.S.C. § 1746." *Id.* The court did not mention the also-missing "true and correct" phrase as a basis to find the certificate deficient.

It is clear a declaration must at least state it is made "under penalty of perjury" to comply with § 1746. Citing the form language in § 1746 and four Tenth Circuit cases, the *Philpot* court notes "[i]n describing the requirements of a § 1746 declaration, we have consistently emphasized that the writer must 'subscribe' the statement as true under penalty of perjury." *Id.* at 1165 n.6. But neither the *Philpot* Court nor a review of the four cases it cites suggest that lower courts should disregard declarations that, while including the critically crucial "under penalty of perjury" phrase, do not also contain the "true and correct" phrase. *See Henderson v. Inter–Chem Coal Co., Inc.,* 41 F.3d 567, 570 n. 1 (10th Cir. 1994) (noting § 1746 "provides that an unsworn declaration . . . in writing, subscribed as true under penalty of perjury, in statutory form, may support the matter asserted."); *Green v. Branson,* 108 F.3d 1296, 1302 (10th Cir. 1997) (citing § 1746 and treating as affidavit complaint "accompanied by a statement . . . made under penalty of perjury"); *Hall v. Furlong,* 77 F.3d 361, 363 n. 2 (10th Cir. 1996) (noting habeas petition signed "under penalty of perjury in compliance with 28 U.S.C. § 1746, and thus had the force of an affidavit or sworn declaration"); *Thomas v. U.S. Dep't of Energy,* 719 F.2d 342, 345 n.3 (10th Cir. 1983) (noting "28 U.S.C. § 1746 (1976) specifically authorizes the use in federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits"); *see also Wilkins v. City of Tulsa, Oklahoma*, 33 F.4th 1265, 1269 n.1 (10th Cir. 2022) ("Mr. Wilkins's declaration satisfies 28 U.S.C. § 1746 because it is signed, dated, and made under penalty of perjury.").

Without contrary guidance, the undersigned declines to find the absence of the words "true and correct" in Plaintiff's declaration--which he signed "swear[ing] under penalty of perjury"--does not "substantially" follow the form in § 1746. And this conclusion comports with

Second Circuit's well-reasoned decision finding compliant with § 1746 a letter dated and signed

"[u]nder penalty of perjury, I make the statements contained herein." *LeBeouf, Lamb, Greene &*

*MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 66 (1999). There, the court of appeals noted

"[a]lthough the letter does not contain the exact language of Section 1746 nor state that the

contents are 'true and correct,' it substantially complies with these statutory requirements, which

is all that this Section requires." *Id.* (citations omitted).[4]

### C. MATERIAL FACTS[5]

1. At the relevant time, Plaintiff was an inmate at DCJ. (ECF Nos. 25, at 2; 25-1.)

2. On September 26, 2020, Plaintiff was being moved by Defendants from one cell to

another, when Plaintiff was wounded by Defendants. (ECF Nos. 25, at 2; 25-1.)

3. Plaintiff was taken to a hospital for treatment of the wound. (ECF Nos. 25, at 2; 25-1.)

4. DCJ has a comprehensive grievance system in which inmates may grieve any aspect of

their incarceration, including excessive force. (ECF Nos. 19, at 2; 25, at 2-3.)

5. At the relevant time, Defendant Meldrum was DCJ's commander. (ECF No. 25, at 4.)

Meldrum's declaration states:

> 9. In my role as Jail Commander, I am a Custodian of Records. I
> have access to all computer records that are generated in the normal
> course of business at the Davis County Jail. These records are safely
> kept in the ordinary course of business. In this instance and in
> response to reviewing Plaintiff's lawsuit, I reviewed his Jail records
> for every time he was incarcerated at the Jail since 2018. These
> records were safely kept and stored by the Jail in the ordinary course
> of business.

---

[4] Of course, while Defendants' objection is overruled, litigants submitting declarations under § 1746 would be well-advised to follow more closely the precise language suggested in the statute simply to avoid an opponent raising an evidentiary objection in the first instance.

[5] In this section, material facts in dispute are bolded.

. . .

11. During this time, Plaintiff liberally used the grievance/request process at the Jail. In fact, Plaintiff filed approximately ninety-seven requests, fifty-two grievances, and six appeals using the request/grievance system during his incarceration at the Davis County Jail. These include sixteen medical or dental requests/grievances.

12. **However, Plaintiff did not file any grievances that directly grieved the incident of September 26, 2020. That is, none of his grievances specifically sought redress based on the allegation that he was stabbed or injured by Jail deputies.**

(ECF No. 19, at ¶¶ 9-12.)

6. DCJ grievance policy requires inmates to file grievances within ten days of the grieved event. (ECF No. 25, at 9.) DCJ records show two grievances filed by Plaintiff within the ten days of the alleged excessive force and wound, but they were not related to the alleged excessive force and wound. (*Id*.)

7. **About seven days after the alleged September 26, 2020 excessive-force incident, Plaintiff filed a grievance specifically grieving the alleged excessive-force incident.** (ECF No. 25-1, at 7.)

8. This action was filed on September 14, 2021, while Plaintiff was still held at DCJ. (ECF No. 25, at 11.)

### D. LEGAL PRINCIPLES OF ADMINISTRATIVE EXHAUSTION

In passing the Prison Litigation Reform Act of 1995 (PLRA), Congress "impos[ed] a strict administrative-exhaustion requirement . . . [on] civil-rights claims filed by prisoners." *Pakdel v. City and Cnty. of San Francisco*, 141 S. Ct. 2226, 2231 (2021) (per curiam) (citing 42 U.S.C.S. § 1997e(a) (2023)). That section states, "No action shall be brought with respect to prison conditions under [42 U.S.C.S. § 1983 (2023)], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as

are available are exhausted." 42 U.S.C.S. § 1997e(a) (2023). The Supreme Court has often

emphasized, "[T]hat language is 'mandatory.'" *Ross v. Blake*, 578 U.S. 632, 638 (2016) ("An

inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent

exhaustion of available administrative remedies.") (citing *Woodford v. Ngo*, 548 U.S. 81, 85

(2006) ("Exhaustion is no longer left to the discretion of the district court.")); *Gray v. Sorrels*,

818 F. App'x 787, 791 (10th Cir. 2020) (unpublished) ("[T]he district court is not authorized to

dispense with [the statutory exhaustion requirement]."). "There is no question that . . .

unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("All

agree that no unexhausted claim may be considered."). Indeed, PLRA "requires compliance with

'deadlines and other critical procedural rules,' *Woodford*, 548 U.S. at 90-91, with no exceptions

for 'special circumstances.'" *Ramirez v. Collier*, 142 S. Ct. 1264, 1275 (2022); *see Ross*, 578 U.S.

at 639 ("PLRA's text suggests no limits on an inmate's obligation to exhaust--irrespective of any

'special circumstances.'"); *Miller v. French*, 530 U.S. 327, 337 (2000) ("The mandatory 'shall' . . .

normally creates an obligation impervious to judicial discretion."); *see also McNeil v. United*

*States*, 508 U.S. 106, 111 (1993) (stating "we are not free to rewrite the statutory text" when

Congress has strictly barred "claimants from bringing suit in federal court until they have

exhausted their administrative remedies").

The Supreme Court has held that the PLRA requires "proper exhaustion." *Woodford*, 548

U.S. at 90. "Proper exhaustion" intends use of "'all steps the agency holds out, and doing so

*properly* (so that the agency addresses the issues on the merits).'" *Id*. (quoting *Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Indeed, the "rules are

defined not by PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218; *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) ("Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure." (Citation omitted.)). The Supreme Court concedes this requirement will stymie some prisoner cases, but observes that a "centerpiece of the PLRA's effort 'to reduce the quantity . . . of prisoner suits' is an "invigorated" exhaustion provision, § 1997e(a).'" *Woodford*, 548 U.S. at 84, 103 (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *see also id.* at 103 (responding to argument "that requiring proper exhaustion is harsh for prisoners, who generally are untrained in the law and are often poorly educated," Supreme Court notes "that prisoners who litigate in federal court generally proceed *pro se* and are forced to comply with numerous unforgiving deadlines and other procedural requirements").

When defendants move for summary judgment grounded on an affirmative defense, like exhaustion of grievances, defendants are burdened with showing a lack of any disputed facts concerning the affirmative defense raised. *See Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011). If that lack of disputed facts is shown by defendants, the burden then shifts to the plaintiff to "demonstrate with specificity the existence of a disputed fact" regarding the affirmative defense at issue. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If the plaintiff successfully disputes material facts, "'summary judgment should be denied, and the district judge rather than a jury should determine the facts.'" *Carbajal v. Keefer*, No. 12-CV-3231, 2017 U.S. Dist. LEXIS 15912, at *9 & n.5 (D. Colo. Sept. 27, 2017) (quoting *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); citing *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015); *Dillon v.*

*Rogers*, 596 F.3d 260, 272 (5th Cir. 2010); *Jackson v. Hoffman*, No. 12-CV-233, 2014 U.S. Dist.

LEXIS 116580, at *7 (S.D. Ill. Aug. 21, 2014) (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th

Cir. 2008))); *see also Bryant v. Rich*, 530 F.3d 1368, 1373-74 (11th Cir. 2008) ("Instances exist--

such as those involving jurisdictional issues--when judges may resolve factual issues. One such

instance is when a judge must decide a motion to dismiss for failure to exhaust nonjudicial

remedies." (footnotes and citation omitted)); *cf. Nunez v. Heimgartner*, No. 15-CV-3259, 2018

U.S. Dist. LEXIS 47131, at *2, 4 & nn.1, 2 (D. Kan. Mar. 22, 2018) (taking under advisement

summary-judgment motion until holding evidentiary hearing with judge as factfinder to

determine existence of genuine issue of material fact about whether grievances were exhausted).

### E. ANALYSIS OF FAILURE TO EXHAUST DEFENSE

With this backdrop of law and facts, the Court determines that DCJ had a grievance

policy in place and that there is a genuine dispute of material fact whether Plaintiff timely filed a

grievance regarding the September 26, 2020 incident. After all, Defendant Meldrum's First

Declaration provides evidence (a) of DCJ's formal grievance process and (b) that Plaintiff never

formally submitted a grievance for the alleged use of excessive force. (ECF No. 19, at ¶ 46.)

But in direct conflict with Defendants' evidence, Plaintiff's Declaration avers that he did

timely file a grievance directly addressing the September 26, 2020 incident. (ECF No. 25-1.)

Moreover, Plaintiff claims to have at least circumstantial evidence that other grievances he has

submitted have been lost by the Defendants, asserting at paragraph 42 in his Declaration that he

has retained carbon copies from some grievances he "filed but do not appear in any of the

Defendants' filings, my records, or in the response [he] received to the GRAMA request [he]

filed." (*Id.* at ¶ 42.) And Defendants' response to this contention both misstates what Plaintiff

asserts and then fails to meet its substance and overcome it. Defendants submit a Second Declaration from Meldrum citing stating "Plaintiff seems to claim that because there were several grievances he received through his GRAMA request that were not included in my first declaration, then this is evidence that his grievances have been lost or destroyed." (ECF 29 (citing ECF 25-1 at ¶ 42).) But that is not what Plaintiff says in paragraph 42. Rather, he theorizes that grievances must have been destroyed, where he has retained carbon copies for several that do *not* appear in response to GRAMA requests for all his past grievances *or* Defendants' filings. Thus, there is a dispute of fact precluding summary judgment.

## F. ORDER

**IT IS ORDERED** as follows:

(**1**) Because there is a genuine issue of material fact as to whether Plaintiff exhausted administrative remedies for his claims here, Defendants' Motion to Dismiss (converted to a summary-judgment motion) is **DENIED**. (ECF No. 18.)

(**2**) The parties are directed to file a joint status report within thirty days, indicating whether limited discovery on the exhaustion issue is required before the evidentiary hearing. The hearing will be set after the filing of the status report.

DATED this 29th day of January, 2024.

BY THE COURT:

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court