THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANGEL CHRISTOPHER ABREU,<br><br>Plaintiff,<br><br>v.<br><br>DAVIS COUNTY et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>& ORDER**<br><br>Case No. 1:21-CV-129-RJS<br><br>Chief District Judge Robert J. Shelby |

**BACKGROUND**

On September 15, 2021, Plaintiff filed this *pro se* pre-trial detainee civil-rights action, 42 U.S.C.S. § 1983 (2025),[1] *in forma pauperis*, 28 *id.* § 1915. (ECF Nos. 1, 4-5, 16.) Alleging violations of his constitutional rights—the use of excessive force and impinging on his freedom of religion—Plaintiff named as defendants Davis County (DC) and DC Jail. (ECF No. 5.) The excessive-force claim was based on hand and abdominal injuries Plaintiff sustained during his cell extraction by DC employees on September 26, 2020.[2] (*Id.*) The freedom-of-religion claim

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2025).

[2] Plaintiff also mentioned that he had "a pain in [his] shoulder since the incident," explaining that, before September 26, 2020, his "shoulder was dislocated while in custody at the jail." (ECF No. 5, at 12.) Presumably, Plaintiff implies that any shoulder pain he had since the cell extraction was a recurrence of pain stemming from his prior shoulder

was based on DC employees' alleged rejection of his requests for religious implements and diet. (*Id.* at 13.) After screening the Complaint under its statutory review authority, 28 U.S.C.S. § 1915A (2025), the court gave Plaintiff guidance and ordered him to cure the Complaint's deficiencies in an amended complaint. (ECF Nos. 5, 7.) Plaintiff's first motion for appointed counsel was also denied. (ECF Nos. 3-4.)

On December 28, 2021, Plaintiff, still acting *pro se*, filed an amended complaint (AC). (ECF No. 10.) Plaintiff added about eighteen new individual defendants, all apparently employed by DC. (ECF No. 10-1.) Plaintiff renewed his claim of excessive force, with hand and abdominal injuries, stemming from the cell extraction on September 26, 2020. (ECF No. 10-3.) He added several other claims, including unconstitutional inadequate medical treatment, failure to protect, search and seizure, disciplinary action, legal and mail access, and freedom of religion. (ECF Nos. 10–3 to –13.) Another motion for appointed counsel was denied, the court ordered service of process on the defendants named in the AC. (ECF Nos. 11, 14.) *See* 28 U.S.C.S. § 1915 (2024).

Before the AC's Defendants answered, Plaintiff filed a second amended complaint (SAC) through retained counsel on January 31, 2023. (ECF No. 16.) Plaintiff named, in their individual capacities, only the following defendants: Amy Hutchison, Cole Meldrum, S.C. Lewis,[3] T. Nix, Christopher Rummell, and Wilbert Terrell. (*Id.*) Plaintiff included only his excessive force claims—under the United States and Utah Constitutions—regarding the September 26, 2020 cell

---

dislocation, for which he appears to believe he received inadequate medical care. (*Id.* at 12-13.) However, he did not allege a separate claim of inadequate medical care in the Complaint. (ECF No. 5.)

[3] The court has since been notified of Defendant Lewis's death, so Lewis is no longer a defendant. (ECF No. 58.)

extraction, asserting he suffered injuries to his abdomen and wrists, and aggravation of a prior shoulder injury. (*Id.*)

On April 24, 2023, based primarily on the ground of Plaintiff's failure to exhaust his administrative remedies in the jail's grievance process, Defendants filed a motion to dismiss the SAC. (ECF Nos. 18–20.) After briefing was completed, (ECF Nos. 25, 28–29), the court entered the following docket text order:

> In the briefing on the pending Motion [to Dismiss, (ECF No. 18)], both sides treat the arguments concerning whether Plaintiff's federal claims are barred by the Prison Litigation Reform Act under Rule 56 summary judgment standards and introduce materials outside the complaint which they wish the court to consider. The court therefore gives notice under Rule 12(d), Federal Rules of Civil Procedure, that it intends to convert this part of the Motion concerning the viability of Plaintiff's federal claims as one seeking summary judgment. Based on the briefing, it appears to the court the parties have fully briefed these issues, but the parties may seek leave to file further materials if this is incorrect. Any such request should be submitted within fourteen days.

(ECF No. 30.)

When the parties did not file anything, the court entered an order denying summary judgment. (ECF No. 31.) The court concluded:

> (1) Because there is a genuine issue of material fact as to whether Plaintiff exhausted administrative remedies for his claims here, Defendants' Motion to Dismiss (converted to a summary-judgment motion) is DENIED. (ECF No. 18.)
> (2) The parties are directed to file a joint status report within thirty days, indicating whether limited discovery on the exhaustion issue is required before [an] evidentiary hearing. The hearing will be set after the filing of the status report.

(ECF No. 31.)

The court then granted the parties' motion for a scheduling order under which fact discovery was due on August 2, 2024, and an evidentiary hearing was set for September 9, 2024. (ECF No. 36.) Based on the parties' later representations that they were "in the process of discussing settlement of the case," the court granted a stay of any deadlines, with the parties (all represented by counsel) to provide a joint status report by June 30, 2024. (ECF Nos. 37, 41.)

However, instead of receiving a status report on June 30, 2024 as anticipated, the court received the following *pro se* motions from Plaintiff on July 1, 2024: (1) "Order to Show Cause and Temporary Restraining Order"; (2) Motion for Leave to File Supplemental Complaint (Fed. R. Civ. P. 15(d)); and (3) Motion for Appointment of Counsel. (ECF Nos. 43–46.) Because Plaintiff filed these motions *pro se*, the court sought clarification from Plaintiff's counsel as to whether Plaintiff was still represented. (ECF No. 47.) Plaintiff's counsel promptly withdrew. (ECF Nos. 48–49.) Defendants responded to Plaintiff's three *pro se* motions, (ECF Nos. 43–46, 49, 52–55), and the court continued the evidentiary hearing, originally scheduled for September 9, 2024, "until Plaintiff's outstanding filings are resolved." (ECF No. 43–45, 59.) The Motions are fully briefed and ripe for review. (ECF Nos. 4–45, 52–54, 61).

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Plaintiff's Motion for Leave to File Supplemental Complaint (Motion to Supplement) is brought under Federal Rule of Civil Procedure 15(d). His whole argument in support of leave to file is as follows:

> [T]he events set forth in the supplemental complaint have occurred since the time that the original pleadings in this matter were filed[;] they are sufficiently related to the issues and transactions that are already before the court that their joinder would not unduly delay the proceedings and would not prejudice any party[;] the court could not properly determine the matters currently before it

4

> without consideration of these new facts[;] and it is in the interests of justice that all of the issues between the parties be litigated in a single action.

(ECF No. 45.)

To his motion, Plaintiff attached his proposed supplemental complaint, naming in their official and individual capacities the following defendants: (1) DC Sheriff's Office; (2) Aarnold Butcher, DC Corrections Chief Deputy; (3) Daniel, a DC nurse; (4) M. Villegas, a DC corrections officer; (5) Guzman, a DC corrections officer; (6) Hess, a DC corrections sergeant; (7) John Doe 1, a DC corrections officer; (8) Richard Russell, a DC physician assistant; (9) John Doe 2, a DC medical provider; (10) John Wood, a DC lead physician; (11) SC Lewis, a DC CERT team member; (12) Amy Hutchinson, a DC CERT team sergeant; (13) Christopher Rummell, a DC CERT team member; (14) Wilbert Terrel, a DC CERT team member; (15) T. Nix, a DC CERT team member; (16) Cole Meldrum, a DC corrections captain; (17) John Doe 3; (18) John Doe 4; (19) John Doe 5; (20) John Doe 6; (21); John Doe 7; (22) John Doe 8; (23); John Doe 9; (24) John Doe 10; (25) John Doe 11; (26) John Doe 12; (27) A. Baer, a DC corrections sergeant; (28) Jensen, a DC corrections lieutenant; (29) John Doe 13, a DC medical provider; (30) Daley, a DC corrections captain; (31) John Doe 14, a medical provider; (32) Baer, a DC jail investigator; (33) the Weber County (WC) Sheriff's Office; (34) Phillip Reese, WC Chief Deputy; (35) Oziek, a WC corrections lieutenant; (36) Driggs, a WC corrections lieutenant; (37) Jackson, a WC corrections lieutenant; (38) Ryan, a WC corrections captain; (39) Stewart, a WC corrections sergeant; (40) Z. Anderson, a WC classification officer; (41) Toone, a WC housing corporal; (42) D. Goodell, a WC inmate grievance officer; (43) James Hardy, a WC physician assistant; (44) Zach Campbell, a WC lead physician; (45) Braden

Wolthus, WC health services; (46) Margie Shirts, WC health services; (47) Carl Mikkelsen, WC Health Services Sergeant; (48) Salt Lake County (SLC) Sheriff's Office; (49) M. Dummont, SLC Corrections Chief Deputy; (50) John Doe 15; (51) John Doe 16; (52) John Doe 17; (53) John Doe 18; (54) John Doe 19; (55) Wilcox, a SLC lead physician; (56) Todd, SLC health services; (57) Suzanne Skirvin, a SLC corrections officer; (58) Elias Landau, a SLC corrections officer; (59) Kenneth Garcia, a SLC corrections lieutenant; (60) Green, a SLC corrections captain; (61) Bennett, SLC Corrections Captain; (62) Tammy, SLC Health Services Director; (63) Paul, SLC Health Services Director. (ECF No. 45–1.)

The proposed supplemental complaint alleges facts starting on March 5, 2020, when Plaintiff dislocated his shoulder in an accidental fall in his cell, and various forms of maltreatment following the September 26, 2020 cell-extraction incident, including housing conditions, inadequate medical care, and retaliation. (*Id.* 10–68.) In addition to the four claims in the SAC, Plaintiff seeks to supplement the complaint with nine additional claims. (*Id.* 68–77.) All of the additional claims either directly reference the March 5, 2020 incident, or do not include sufficient facts to determine what actions the claims are based on or who they are brought against. (*Id.*)

The Federal Rules of Civil Procedure provides the court discretion to permit a party to supplement a complaint to include "any transaction, occurrence, or event that happened after the date of the complaint. Fed. R. Civ. P. 15(d); *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) ("Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint" facts). "Supplemental pleadings are thus appropriate to 'set forth *new facts* in order to update [an] earlier pleading." *Carter v. Bigelow*,

787 F.3d 1269, 1278 (10th Cir. 2015) (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1504 (3d ed. 2014) (emphasis added). A motion to add facts, parties, or claims based on events occurring before the date of the original complaint is more properly filed as a motion to amend under Rule 15(a). *See Fowler v. Hodge*, 94 Fed. App'x 710, 714 (10th Cir. 2004).

Authorization to grant a motion to supplement a pleading "should be liberally granted unless good reason exists for denying leave." *Walker*, 240 F.3d at 1278 (quotation marks and citation omitted). However, a motion to supplement or amend should be denied when there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quotation marks and citation omitted). "[T]he standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." *Fowler*, 94 Fed. App'x at 714 (citation omitted).

Defendants oppose Plaintiff's Motion to Supplement, arguing: (1) the Motion is untimely and prejudicial; (2) the Motion is improper under Rule 15(d) because it seeks to introduce facts and claims based on events prior to the original complaint; (3) the proposed supplemental complaint does not comply with the pleading requirements of Federal Rule of Civil Procedure 8; (4) the Motion improperly "seeks to join Parties who are not involved with the events and occurrences related to Plaintiff's operative complaint"; and (5) Plaintiff improperly filed the Motion *pro se* while represented by counsel. (ECF No. 53.)

The court agrees the Motion is improperly *pro se*, does not comport with Rule 15(d), untimely, and prejudicial. The court first addresses the procedural defects and then turns to the merits.

Defendants argue the court should deny Plaintiff's Motion to Supplement because he filed the Motion *pro se* while still represented by counsel. (ECF No. 53.) The court agrees it could properly disregard Plaintiff's Motion on this basis. United States Code Title 28 § 1654 provides "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. However, there is "no statutory right of hybrid representation." *United States v. Hill*, 526 F.2d 1019, 1025 (10th Cir. 1975). Accordingly, when a party is represented by counsel, courts "do not accept *pro se* filings or allegations." *United States v. Castellon*, 218 F. App'x 775, 780 (10th Cir. 2007); *see also United States v. Stanley*, 396 Fed. App'x 482, 2010 WL 3611396, at *5 (10th Cir. 2010) (declining to address an issue the defendant raised in a *pro se* brief while represented by counsel according to the "policy of addressing on direct appeal only those issues raised by counsel").

Plaintiff responds that he notified the court his counsel withdrew prior to filing his *pro se* Motion to Supplement. (ECF No. 61.) On June 26, 2024, Plaintiff filed a Notice of Change of Address in which he stated, "I have just been made aware that counsel on my case withdrew," and requested "any recent filings." (ECF 42.) Plaintiff filed the Motion to Supplement and a Motion to Appoint Counsel five days later. (ECF Nos. 43, 44.) After an order from the court to clarify representation, Plaintiff's counsel moved to withdraw on July 7, 2024. (ECF No. 48.) Although the court could disregard Plaintiff's Motion to Supplement because he improperly filed

*pro se* while represented by counsel, the court accepts Plaintiff's representation he understood his counsel had already withdrawn and will not reject the filings on that basis.

Defendants also object that Plaintiff's proposed supplemental complaint does not comport with Rule 15(d) because it seeks to add allegations and claims that precede the filing of the original complaint. (ECF No. 53.) Courts in the Tenth Circuit have routinely denied motions to supplement alleging facts and claims based on events prior to the filing of the operative complaint. *See Greer v. Herbert*, No. 2:16-CV-01067, 2017 WL 11477212 (D. Utah Aug. 30, 2017); *Rowe v. Schulte Hospitality Grp., LLC*, No. CIV-23-326-SLP, 2024 WL 3082563 (W.D. Okla. May 20, 2024); *Hunter v. Romero*, No. 19-CV-02969-CMA-NYW, 2021 WL 4947235, (D. Colo. July 2, 2021). In this case, Plaintiff seeks to supplement the SAC with alleged facts occurring almost a year and a half before he filed the original Complaint, and almost three years before the SAC was filed. (ECF Nos. 5, 16, 45-1.) The proposed supplemental complaint also alleges facts regarding his housing and medical treatment occurring after the September 2020 cell transfer, but it is not clear how any of the proposed additional claims relate to any subsequent events. (ECF No. 45-1.) Accordingly, Plaintiff's Motion to Supplement does not comport with Rule 15(d).

However, even if the court were to construe Plaintiff's Motion to Supplement as a motion to amend, the court still concludes Plaintiff's motion should be denied. Plaintiff argues the court should grant the Motion to Supplement to afford "as complete an adjudication of the dispute between the parties as possible." (ECF No. 61) (quoting *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 4 (1st Cir. 2015). Defendants contend that to allow Plaintiff's "layers of a 442-paragraph proposed supplemental complaint" at this stage of the proceedings would unduly

9

prejudice Defendants. (ECF No. 53.) The court agrees Plaintiff's motion is untimely and prejudicial.

Notwithstanding the general liberality for amendments, a motion to supplement or amend a complaint should be denied when there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quotation marks and citation omitted); *see also Walker v. UPS, Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (stating supplemental pleadings "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants") (quotation marks and citation omitted). The most important factor in deciding a motion to amend the pleadings is whether the amendment would prejudice the nonmoving party. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207–08 (10th Cir. 2006). Prejudice is also closely related to timeliness. (*Id.* at 1205.) "The longer the delay, the more likely the motion to amend will be denied … [and] is itself a sufficient reason for the court to withhold permission to amend." *Id*. (quotation marks and citations omitted). The Tenth Circuit Court of Appeals has stated it "focuses primarily on the reasons for the delay" and denial is appropriate when the moving party "has no adequate explanation for the delay." *Id.* at 1206.

In this case, Plaintiff has offered no explanation for failing to include the allegations and claims he seeks to add in the original complaint, or his first amended complaint, or the SAC filed by counsel. Plaintiff, and his eventual counsel, were aware of the facts on which the proposed supplemental complaint is based for years before filing the motion to supplement. *Id*. This is sufficient reason alone to deny Plaintiff's Motion to Supplement. *Id.* at 1205 (stating a

"protracted delay … is itself a sufficient reason for the court to withhold permission to amend"); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) ("[W]here the party seeking amendment knows or should have known the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.").

Prejudice also occurs "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208. As Defendants note in their Opposition, the court previously narrowed the scope of this case and set an evidentiary hearing on the preliminary issue of whether Plaintiff has exhausted his administrative remedies as required under the PLRA. (ECF Nos. 53.) Plaintiff's supplemental complaint significantly expands the scope of this case. Plaintiff maintains that "[w]hat started in Davis County and the original complaint, arised [sic] the claims and facts in the supplemental complaint." (ECF No. 61.) But the proposed supplemental complaint goes far beyond the SAC and "raise[s] significant new factual issues" surrounding the March 5, 2020 event and subsequent actions of the many other individuals Plaintiff now seeks to add as defendants. *Minter*, 451 F.3d at 1208. The SAC involves four claims against six named parties and Does 1-10. Plaintiff's supplemental complaint alleges thirteen claims against forty-four named parties and Does 1-19, 63 defendants. (ECF No. 45-1.) Because the Motion to Supplement seeks to add facts and claims occurring before the SAC, is significantly untimely, and prejudicial, the court denies the Motion.

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

The same day Plaintiff filed his Motion to Supplement, Plaintiff filed an "Order to Show Cause and Temporary Restraining Order" (TRO Motion) with an accompanying memorandum

and affidavit. (ECF 43, 43-1, 43-2.) While not filed as a motion, the court liberally construes it as such. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). In the TRO Motion, Plaintiff seeks a preliminary injunction against John Doe, a medical administrator at the DC Correctional Facility, Aarnold Butcher, Paul [sic], a health services administrator at Salt Lake County Metro Jail, and M. Dummont, Chief Deputy at the Salt Lake County Metro Jail ordering them to arrange for Plaintiff to have surgery on his left shoulder "by a qualified orthopedic specialist," an examination of his heart and hands, physical therapy, and a transfer to "a facility better equipped to address his medical needs" or the DC Jail. (ECF 43.) The court denies Plaintiff's TRO Motion for lack of jurisdiction.

Rule 65 of the Federal Rules of Civil Procedure provides that temporary retraining orders and preliminary injunctions may bind 1) parties, 2) parties' officers, agents, servants, employees and attorneys, and 3) "other persons who are in active concert or participation with" the parties or the parties' officers, agents, servants, employees, or attorneys. Fed. R. Civ. P. 65(a)-(b), (d). The court's authority does not extend to non-parties. *See id.*; *United States v. Paccione*, 964 F.2d 1269, 1275 (2d. Cir. 1992) ("[A] court generally may not issues an order against a non-party."). The supplemental complaint seeks to adds Aarnold Butcher and M. Dummont as parties, but the court denies that Motion. Accordingly, the individuals Plaintiff seeks to enjoin are not parties to this case, nor has Plaintiff shown they are officers, agents, servants, employees or attorneys of any of the named parties. *See* ECF 43. Plaintiff has not provided "any argument as to why it would be within the court's jurisdiction to issue a temporary restraining order and preliminary injunction against the [named nonparties], and the court finds no support for its authority to do

12

so." *McKenzie v. City & Cnty. of Denver*, No. 21-CV-00833-PAB-STV, 2022 WL 22860719, at *1 (D. Colo. Nov. 28, 2022).

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed his third Motion for Appointment of Counsel on July 1, 2024. (ECF No. 44.) Plaintiff has no constitutional right to counsel. *See Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987) ("[P]risoners are not entitled to legal assistance in addition to a law library."); *see also Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The court may appoint counsel in its discretion and has already twice declined to do so. (ECF Nos. 4, 14.) In its September 15, 2021 Order denying Plaintiff's initial request for appointed counsel, the court stated: "(1) it is unclear yet that Plaintiff has asserted a colorable claim; (2) the issues here are not complex; and (3) Plaintiff is so far functioning adequately here." (ECF No. 4.) The situation has not changed. It remains to be seen whether Plaintiff has exhausted his administrative remedies to file suit, the case is currently narrowed to that single issue, and Plaintiff continues to function adequately. Accordingly, Plaintiff's motion for appointed counsel is denied.

### CONCLUSION

**IT IS ORDERED** as follows:

(1) Plaintiff's Motion for Leave to File Supplemental Complaint is DENIED. (ECF No. 45.) Upon thoroughly reviewing the proposed supplemental complaint against the requirements of Federal Rules of Civil Procedure 15 and current caselaw, the Court exercises its discretion to deny amendment.

(2) Plaintiff's Motion to Appoint Counsel is DENIED. (ECF No. 44.)

(3) Plaintiff's Motion for Temporary Restraining Order is DENIED. (ECF No. 43.)

(4) Within thirty days, Plaintiff must respond with any further requests for discovery on the sole issue of whether Plaintiff adequately exhausted his administrative remedies in the jail grievance process.

(5) Within thirty days of Plaintiff's response regarding any discovery requests, Defendants must reply by providing Plaintiff's requested discovery or any arguments as to why any requested discovery is not warranted.

DATED this 12th day of March 2025.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court